FILED

Jul 01 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ jenniferv        DEPUTY

1  Eric Caruso
   1641 Borden Road Apt B7
2  Escondido, CA 92026-2134
   Ph: 760-334-2365
3  carusoeric@gmail.com

4  Plaintiff In Pro Se

5

6

7         IN THE UNITED STATES DISTRICT COURT

8         SOUTHERN DISTRICT OF CALIFORNIA

9

10 ERIC CARUSO,                          Case No. '19CV1224 CAB LL

11              Plaintiff,               COMPLAINT FOR
                                         DAMAGES AND INJUNCTIVE
12 vs.                                   RELIEF PURSUANT TO
                                         VIOLATIONS OF THE
13 CAVALRY PORTFOLIO SVCS.,
   a foreign corporation, identity unknown,   1) TELEPHONE CONSUMER
14 PORTFOLIO RECOVERY.,                      PROTECTION ACT
   a foreign corporation, identity unknown,   [TCPA] 47 U.S.C.§227 et seq.
15 HUNT & HENRIQUES
   California attorneys at law,           2) FAIR DEBT COLLECTIONS
16 MERCANTILE ADJUSTMENTS BUREAU,            PRACTICES ACT
   a foreign corporation, identity unknown,   [FDCPA] 15 U.S.C.§1692 et seq.
17 ARS NATIONAL SERVICES INC.,
   a foreign corporation identity unknown,  3) FAIR CREDIT REPORTING ACT
18 MRS BPO L.L.C.,                           [FCRA] 15 U.S.C.§1681 et seq.
   a foreign corporation identity unknown,
19 TRANS UNION LLC,                        4) CONSUMER CREDIT REPORTING
   a national credit reporting agency,       AGENCIES ACT
20 EXPERIAN INFORMATION SOLUTIONS INC)       [CCRAA] Civil Code §1785 et seq.
   a national credit reporting agency,
21 EQUIFAX INFORMATION SERVICES LLC.)     5) CALIFORNIA ROSENTHAL FAIR
   national credit reporting agency,         DEBT COLLECTION PRACTICES ACT
22 DOES 1-10 inclusively,                    [CRFDCPA] Civil Code §1788 et seq.

23                                        6) DECLARATORY RELIEF

24                                        DEMAND FOR JURY TRIAL

25                    COMPLAINT

26       COMES NOW, ERIC CARUSO, Plaintiff, In Pro Se in the above-entitled case as

27 an individual *hereby sues* the *above-named Defendants* and makes the following allegations

28 and claims against all of these same said Defendants for strict statutory violations of:

1) [TCPA] The Telephone Consumer Practices Act 47 U.S.C.§227 et.seq.,

2) [FDCPA] The Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.,

3) [FCRA] The Fair Credit Reporting Act 15 U.S.C. §1681 et seq.,

4) [CCRAA] Consumer Credit Reporting Agencies Act California Civil Code §1785 et seq.,

5) [CRFDCPA] California Rosenthal Fair Debt Collection Practices Act CCC§1788 et seq.,

6) Declaratory relief as the honorable court deems appropriate.

# I.   PRELIMINARY STATEMENT

**1.** This is an action for damages and injunctive relief brought to this Ninth Circuit U.S. District Court by Plaintiff ERIC CARUSO (hereinafter "CARUSO") against all of the above-named Defendant's as follows:

**2.** For numerous strict statutory violations of the [TCPA] Telephone Consumer Protection Act as follows:

- [TCPA] 47 U.S.C. §227(b)(1)(A),
- [TCPA] 47 U.S.C. §227(b)(1)(A)(iii),

**3.** For numerous strict statutory violations of the [FDCPA] Fair Debt Collection Practices Act as follows:

- [FDCPA] Fair Debt Collection Practices Act 15 U.S.C.§1692c(a)(1),
- [FDCPA] Fair Debt Collection Practices Act 15U.S.C.§1692d(5),
- [FDCPA] Fair Debt Collection Practices Act 15 U.S.C.§1692d(6),
- [FDCPA] Fair Debt Collection Practices Act 15 U.S.C. §1692e(10),

**4.** For strict statutory violations of multiple state counterparts or [CFDCPA] California Rosenthal Fair Debt Collection Practices Act as follows:

- [CFDCPA] California Code of Civil Procedure §1788 et seq..

5. **The Telephone Consumer Protection Act of 1991 [TCPA]** was passed by the United States Congress in 1991 and signed into law by President George H. W. Bush as Public Law 102-243. It amended the Communications Act of 1934. The TCPA is codified as 47 U.S.C. § 227.

**[1] The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message. Unless the recipient has given prior express consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:**

**[2] Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time. Requires solicitors maintain a company-specific "do-not-call" (DNC) list of consumers who asked not to be called; the DNC request must be honored for 5 years. Requires solicitors honor the National Do Not Call Registry. Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted. Prohibits solicitations to residences that use an artificial voice or a recording.**

**[3] Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.**

**[4] Prohibits auto-dialed calls that engage two or more lines of a multi-line business. Prohibits unsolicited advertising faxes. In the event of a violation of the TCPA, a subscriber may (1) sue for up to $500 for each violation or recover actual monetary loss, whichever is greater, (2) seek an injunction, or (3) both.**

**[5] In the event of a willful violation of the TCPA, a subscriber may sue for up to three time the damages, i.e. $1,500, for each violation.**

**[6] When Congress passed the TCPA in 1991, it delegated the do-not-call rules to the FCC. Congress suggested that the FCC's do-not-call regulations "may require the establishment and operation of a single national database".**

**[7] The FCC did not adopt a single national database but rather required each company to maintain its own do-not-call database.**

**[8] The FCC's initial do-not-call list regulations were ineffective at proactively stopping unsolicited calls because the consumer had to make a do-not-call request for each telemarketer. In 2003, the Federal Trade Commission — not the FCC and not the agency entrusted with the TCPA — established the National Do Not Call Registry and implemented regulations prohibiting commercial telemarketers from making unsolicited sales calls to persons who did not wish to receive them. After being challenged in court by the telemarketing industry,[citation needed] the National Do Not Call Registry received Congressional ratification in the speedy enactment of Do-Not-Call Implementation Act.**

6.   **The FDCPA Fair Debt Collection Practices Act** regulates the behavior of collection agencies attempting to collect a consumer debt *on behalf of another entity.* The United States Congress has found *abundant evidence of the use of abusive, deceptive, and unfair consumer debt collectionpractices contribute to a number of personal bankruptcies, maritalinstability, loss of jobs, and invasions of individual privacy.* Congress enacted the FDCPA to *eliminate abusive consumer debt collection practices by debt collectors,* to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to *protect consumers against debt collection abuses described* in[15 U.S.C.§1692(a)-(e)].

7.   The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of *one violation.* The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "*least sophisticated*" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222, 1227(9th Cir. 1988)]. This objective standard "ensure[s] that the FDCPA *protects all consumers,* the *gullible as well as the shrewd ... the ignorant,* the *unthinkable* and the *credulous.*" [*Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

8.   To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e, outlaws the use of *false, deceptive,* and *misleading collection letters* and names a non-exhaustive list of certain per se violations of *false* and *deceptive collection conduct* 15 U.S.C.§1692e(1)-(16).

9.   To prohibit *harassment and abuses* by debt collectors the FDCPA, at 15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the natural*

1  *consequences of which is to harass, oppress, or abuse any person in connection with the*

2  *collection of a consumer debt* and names a non-exhaustive list of certain per se violations of

3  harassing and abusive collection conduct 15 U.S.C.§1692d(1)-(6).  Among these per se

4  violations prohibited by this section are: *any collection activities and the placement of*

5  *telephone calls without meaningful disclosure of the callers identity* [15 U.S.C.§1692d(6)].

6      **10.**   The FDCPA also prohibits, at15 U.S.C.§1692c, *without the prior consent of the*

7  *consumer given directly to the debt collector*, or the *express written permission of a court of*

8  *competent jurisdiction*, or as reasonably necessary to effectuate a post judgement judicial

9  remedy, communication by a debt collector in connection with the collection of *any*

10  *consumer debt.*, with any person other than the consumer, his attorney, a consumer reporting

11  agency if otherwise permitted by law.

12      **11.**    Congress enacted the **[FCRA] Fair Credit Reporting Act** to establish rights

13  to privacy over their credit and financial information and to insure the *"[a]ccuracy and*

14  *fairness of credit reporting.* "FCRA provides several protections for consumers, including

15  but not limited to the *right to be notified of any negative/unfavorable information reported*

16  *in their name* and the *right to dispute inaccurate, outdated and/or incomplete information*

17  on their personal consumer credit files and reports.

18      **12.**    The FCRA regulates credit reporting agencies as well as creditors, collection

19  agencies and other parties who *provide consumer credit information to credit reporting*

20  *agencies and/or obtain and use the consumer credit reports*. FCRA Section 623,

21  15 U.S.C.§1681s-2, imposes obligations on furnishers of information to the credit reporting

22  agencies. Furnishers must report *accurate information*, correct and update erroneous

23  information, and provide certain notices to consumers pertaining to furnished information.

24      **13.**   **[CCRAA] California Credit Reporting Agency Act** was implemented to

25  protect the credit information of California consumers. The CCRAA also regulates

26  consumer credit reporting agencies and furnishers of information with respect to personal,

27  credit and other financial information submitted and maintained in their consumer credit

28  file. CCRAA in California Civil Code §1785.25-1785.26 *refrains* furnishers of consumer

credit information from reporting information that *they know or should have known was erroneous*, and obligates furnishers to *cease credit reporting* of information disputed by consumers *after receiving a notice of such dispute* from individual consumers.

14.    CCRAA provides consumers with the *right to be informed of negative credit reporting* and the *right to dispute information in their credit reports*, which they believe is incomplete and/or inaccurate. Consumers also have the *right to bring civil actions against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages*. California Civil Codes §1785.19 and §1785.31.

15.    **The CRFDCPA California Rosenthal Fair Debt Collection Practices Act** *regulates collection agencies and original creditors* the creditor, the attorney of the creditor, or the attorney of the consumer debt collector has determined that the banking and credit system and grantors of credit  to consumers are *dependent upon the collection of just and owing debts* and that <u>*unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers*</u>. The Legislature has further determined that there is a need that debt collectors *exercise their responsibility with fairness, honesty, and due regard for the debtor's rights* and that debt collectors must be *prohibited from engaging in unfair or deceptive acts or practices*.

## II.  **JURISDICTION AND VENUE**

16.    Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and 15 U.S.C. §1692(k)(d), supplemental jurisdiction also exists for the state law claims pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

17.    The following above-named Defendants:

- CAVALRY PORTFOLIO SERVICES., a business entity, form unknown,
- PORTFOLIO RECOVERY, a business entity, form unknown,
- HUNT & HENRIQUES, California Attorneys at law,
- MERCANTILE, a business entity, form unknown,
- ARS NATIONAL SERVICES, INC., a business entity, form unknown,

1    • MRS BPO L.L.C, a business entity, form unknown,

2    • TRANS UNION LLC., a National consumer credit reporting agency (CRA) as

3    defined by 15 U.S.C. §1681(f),

4    • EXPERIAN, a National consumer credit reporting agency (CRA) as

5    defined by 15 U.S.C. §1681(f),

6    • EQUIFAX INFORMATION SERVICES LLC, a National consumer credit

7    reporting agency (CRA) as defined by 15 U.S.C. §1681(f),

8    • DOES 1 thru 10 inclusively ALL conduct business in the State of California and

9    therefore, personal jurisdiction is established. The jurisdiction of this court is further

10   conferred by 15 U.S.C.§1681p.

11   **18.**  Venue is proper pursuant to 28 U.S.C. §1391b and California Civil Procedure

12   §395(a). Venue in this Ninth District is proper in that Plaintiff ERIC CARUSO

13   resides in San Diego County.

14   **19.**  The Defendant's all transact business in San Diego County, and the conduct

15   complained of occurred in San Diego County.

16   **20.**  This is an action for damages which *exceeds $35,500.00 U.S. Dollars*

17

18

19

## III.   PRIVATE RIGHT TO ACTION

20   **21.**  FCRA Sections 616 and 617, U.S.C. §1681o, create private right of action

21   consumers can bring against violators of any provision of the FCRA with regards to their

22   credit. In *DiMezza v. First USA Bank, Inc.* supra, the court confirmed that "[...] the plain

23   language of [CRA Sections 616 and 617, 15 U.S.C.§1681n and §1681o] provide a private

24   right of action for a consumer against furnishers of information who have willfully or

25   negligently failed to perform their duties upon notice of a dispute. [...] there is a private

26   right of action for consumers to enforce the investigation reporting duties imposed on

27   furnishers of information."

28

1    **22.**  *Gorman v. MBNA America Bank*, N.A., No. 06-17226 further established

2    Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b) *triggers*

3    *Defendants' furnisher's liability under this section*, since Plaintiff made his initial written

4    disputes with the credit reporting agencies.

5    **23.**  California Civil Code §1785.15(f) expressly states that consumers

6    "have a right to bring civil action against anyone [...], who improperly obtains access to a

7    file, knowingly or willfully misuses file data, or fails to correct inaccurate file data"

8    concerning a consumer's credit report. Plaintiff has further right to action pursuant to

9    Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers

10    damages as a result of a violation of this title by any person may bring an action in a court

11    of appropriate jurisdiction against that person to recover actual, statutory, and punitive damages

12    together with attorneys fees and costs, pursuant to 15 U.S.C. §1692(d)(5), together with such other

13    and further relief as the Court may deem reasonable and just under the circumstances.

14    **24.** *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009)

15    established that consumers may re-plead their FCRA claims as violations of the CCRAA and that

16    State claims are not preempted by the FCRA. In further support, courts have uniformly rejected

17    creditors' and consumer reporting agencies' arguments that the FCRA bars State law claims. See

18    *Sehl v. Safari Motor* discussion); *Harper v. TRW*, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995);

19    *Coaches, Inc.*, 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001);*Rule v. Ford Receivables*,

20    36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); *Watkins v. Trans Union*, 118F. Supp.2d 1217

21    (U.S.D.C. N.D. Ala. 2000) *Swecker v. Trans Union*, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998);

22    *Saia v. Universal Card Svc.*, 2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La.

23    2000); *Sherron v. Private Issue by Discover*, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss 1997);

24    *Hughes v. Fidelity Bank*, 709 F. Supp.2d 639,  (U.S.D.C. E.D. Pa. 1989).

25    **25.**  15 U.S. C.§1692k(a) states that "... any debt collector who fails to comply with

26    any provision of this title with respect to any person is liable to such person in an amount

27    equal to the sum of-."

28    **26.**  Cal Civ. Code §1788.30(a) states that "any debt collector who violates this title

with respect to any debtor shall be liable to that debtor only in an individual action..."

# IV.  **THE PARTIES**

**27.**   Plaintiff ERIC CARUSO, (hereinafter "CARUSO") is a natural person and a resident of the State of California, San Diego North county, Vista, 92084.

**28.** Upon information and belief Defendant CAVALRY PORTFOLIO SRVS (hereinafter "CPS") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes CPS's President/CEO is Timothy L. Stapleford with his corporate office being located at 500 Summit Lake Drive, Suite 4A, Valhalla, New York, 10595.

**29.** Upon information and belief Defendant PORTFOLIO RECOVERY (hereinafter "PR") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes PR's President/CEO is Kevin Stevenson with his corporate office being located at 120 Corporate Blvd. Suite 100, Norfolk, Virginia, 23502.

**30.**   Upon information and belief Defendant HUNT & HENRIQUES (hereinafter "HH") is a nationwide consumer debt collection service using attorneys which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes HH's President/CEO is Chris Henriques with his corporate office being located at 151 Bernal Road, Suite 8, San Jose, CA 95119-1306..

**31.**   Upon information and belief Defendant MERCANTILE ADJUSTMENTS BUREAU, (hereinafter "MAB") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes MAB's President/CEO is Jeffrey P. Mille with his corporate office being located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York, 14221-7900.

**32.**   Upon information and belief Defendant ARS NATIONAL SERVICES INC., (hereinafter "ANSI") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes ANSI's President/CEO is Jason Howerton with his corporate office being located at 201 West Grand Avenue, Escondido, CA 92025-2603.

**33.**   Upon information and belief Defendant MRS BPO L.L.C., (hereinafter "MBLLC") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies. Plaintiff believes MBLLC's President/CEO is Jason Howerton with his corporate office being located at 201 West Grand Avenue, Escondido, CA 92025-2603.

**34.**   Upon information and belief Defendant's TRANS UNION LLC., (hereinafter " TU") is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by 15 U.S.C. §1681(f). Plaintiff believes TU's President/CEO is Christopher A. Cartwright with their corporate offices located at 2 Baldwin Place, Chester, PA 19022. Defendant TU is an entity which among other activities, is a "*furnisher*" of negative consumer credit information

**35.**   Upon information and belief defendant EXPERIAN INFORMATION SOLUTIONS INC. (hereinafter "EISI")  is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by 15 U.S.C. §1681(f). EISI is also authorized to do business in California. Plaintiff believes EIS's President/CEO is Brain Cassin with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626. Defendant EISI is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

**36.**   Upon information and belief defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "EISL")  is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by 15 U.S.C. §1681(f). EISL is also authorized to do business in California. Plaintiff believes EIS's President/CEO is Brain Cassin with a corporate headquarters located

1 | at 475 Anton Blvd., Costa Mesa, CA. 92626. Defendant EISL is an entity which among
2 | other activities, is a "*furnisher*" of negative consumer credit information.

3 |     **37**. Upon information and belief defendant DOES 1 thru 10 inclusively are
4 | individuals and business entities, form unknown, doing business in the State of California as
5 | credit reporting agencies, debt collection agencies, creditors or other persons or entities
6 | which engage in credit reporting and/or debt collection. Does 1-10, Inclusive, includes
7 | individuals or business entities doing business in the State of California as credit reporting
8 | agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff
9 | CARUSO's that were procured through identity theft, mixed file or other manner of
10 | recording an inaccurate credit account, even after Plaintiff CARUSO has notified them of
11 | the false or inaccurate derogatory consumer credit information, and also who have reported
12 | such accounts as derogatory credit references to credit reporting agencies (hereinafter "CRA").

13 |     **38.** Plaintiff CARUSO  does not know the true names and capacities,
14 | whether corporate, partnership, associate, individual or otherwise of defendants
15 | CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively,
16 | under the provisions of Section §474 of the California Code of Civil Procedure.

17 |     **39.** Plaintiff CARUSO is informed and believes and on that basis alleges that
18 | defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10
19 | inclusively, are in some manner responsible for the acts, occurrences and transactions as
20 | officers, directors or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC,
21 | TU, EISI, EISL and DOES 1 thru 10 inclusively, or as its agents, servants, employees and/or
22 | joint ventures and as set forth in this Complaint, and that each of them are legally liable to
23 | Plaintiff CARUSO , as set forth below and herein:

24 |     **a.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB,
25 | ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally acted willfully
26 | with respect to the matters alleged in this Complaint;

27 |     **b.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB,
28 | ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally authorized,

approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint ventures of defendants did so act;

    **c.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally participated in the acts alleged herein;

    **d.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally had close supervision of their agents, servants, employees and/or joint ventures of defendants.

    **e.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally were familiar with the facts regarding the matters alleged herein;

    **f.** Said Officers, directors or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to plaintiff CARUSO.

    **g.** Furthermore, said Officers, directors, or managing agents of defendants CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of the Defendants. Plaintiff CARUSO will seek leave to amend this complaint to set forth the true names and capacities of the said fictitiously named defendants as enumerated above, together with appropriate charging allegations, when learned.

    **40.** Plaintiff CARUSO is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Furthermore,

1 | Plaintiff CARUSO alleges that each act alleged herein, whether by named defendants CPS,
2 | PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL and DOES 1 thru 10 inclusively, or
3 | fictitiously named defendants or otherwise, was expressly authorized or ratified, as these
4 | terms are used in California Civil Code Section §3294(b), by each and every other
5 | Defendant herein, whether named or fictitiously named.

6 | **41.** Collectively, these Defendant's CPS, PR, HH, MAB, ANSI, MBLLC,
7 | DOES 1 thru 10 inclusively, hereto will be referred to as "credit bureau defendants" or
8 | "credit agency defendants", is a consumer creditor which, among other activities, reports
9 | allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative
10 | consumer credit to credit bureau defendants.

11 | **42.** Collectively, these Defendant's TU, EISI, EISL hereto wll be referred to as
12 | "Credit Reporting Agency" Defendant's (CRA'S) . These CRA Defendant's which among
13 | other things are the three largest national consumer credit reporting agencies who report on
14 | a daily basis good and bad credit on millions of their consumer files.

# V.  **FACTUAL ALLEGATIONS**

16 | **43.** Plaintiff CARUSO has *never had any prior or present established relationship*
17 | with the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, as it
18 | pertains to *ANY* negative consumer debt account or *any other alleged accounts in any amounts*.

19 | **44.** Plaintiff CARUSO *has no contractual obligation* to Defendant's CPS, PR, HH,
20 | MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *to pay them anything*.

21 | **45.** Plaintiff CARUSO *has never given* Defendant's CPS, PR, HH, MAB, ANSI,
22 | MBLLC, DOES 1 thru 10 inclusively, *express written permission* to call Plaintiff's
23 | emergency cellular phone number than [20] twenty times, *many times before 8 am in the*
24 | *morning & after 9pm at night more than once in the same business day*, between the dates
25 | of October 03, 2018 up to today's date.

26 | **46.** Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,
27 | hereto illegally placed more than twenty (20) harassing debt collection calls to plaintiff's private
28 | emergency cell phone number, between the dates of October 03, 2018 up to today's date.

**47.**   Many of these more than [20] twenty illegally placed debt collection calls were made *in the same business day,* clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

**48.**   Plaintiff CARUSO hereby moves this Ninth District honorable court to take "Judicial Notice" that *__none__* of the more than [20] twenty harassing consumer debt collection calls illegally placed by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, between the dates of October 03, 2018 and today's date *__were made for emergency purposes__,* clearly violating United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the United States  (TCPA) laws.

**49.**   The so stated more than [20] twenty illegally placed calls by Defendant's CPS,  PR,  HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, to plaintiff CARUSO'S private emergency cell phone number is *at this time of filing* much greater or more than [20] twenty illegally placed calls, some of the named defendant's have called Plaintiff CARUSO more than [80] *eighty times* at all hours of the day, sometimes multiple illegally placed calls on the same day.

**50.**   Plaintiff CARUSO further informs this honorable court that between the dates of October 03, 2018, and today's date Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, called plaintiff's emergency cell phone number (760) 334-2365more than [20] twenty well documented times, *many times placing numerous harassing collection calls in the same business day* clearly violating the TCPA's strict statutory guidelines *by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices.*

**51.**   Between the dates of October 03, 2018 and today's date Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, illegally placed harassing debt collection calls to plaintiff's emergency cell phone number (760) 334-2365 more than [20] twenty times *asserting a right which it lacks to wit, the right to enforce* a consumer debt allegedly owed by plaintiff CARUSO to by these same said defendants.

**52.**   Between the dates of October 03, 2018 and today's date, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, called plaintiff's emergency cell phone number (760) 334-2365 more than [20] twenty times *[During many of these calls*

*failed to identify that they were consumer debt collectors trying to collect on a alleged negative consumer debt]* allegedly owed to defendants by Plaintiff CARUSO.

53. On numerous occasions plaintiff CARUSO has demanded in writing that above-named Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, provide plaintiff CARUSO with written "verification" and consumer debt validation as defined by 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s], to date all defendant's in the above-entitled case have ignored all attempted communications by phone, email, in writing, or otherwise, clearly demonstrate willful and non-compliance with 47 U.S.C. §227(b)(1)(A), (TCPA).

54. Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, by and thru their above-described actions violated the strict statutory guidelines set forth in §1692d of the Fair Debt Collections Practices Act (FDCPA) *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* the plaintiff by calling his cell phone on more than [20] twenty separate occasions over one year period of time from October 03, 2018 to today's date.

55. Many of these cell phone calls were placed before the very early morning hours of *8:00 am and after the late evening hours of 9:00 pm at night,* another direct statutory violation of Federal Rules and Civil Procedures.

56. Many of *these same abusive calls* were placed *multiple times on the very same day,* all of which the plaintiff has to pay for on his monthly cellular phone bills.

57. Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *clearly violated* section §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) and at the *very same time* violated the California Rosenthal Fair Debt Collection Practices Act Section §1788.17 (CFDCPA), by calling plaintiff CARUSO on his emergency cell phone on more than [20] twenty separate occasions and caused Plaintiff CARUSO's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts owed to the defendant's named herein.

58. The same *consumer business debt[s]* allegedly owed to all of the defendant's

1  herein arose out of a transaction that was primarily for *personal, family, or household purposes*.

2      **59.** As plaintiff CARUSO *has no business debt*, this same *alleged business*

3  *debt* presently sought now by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1

4  thru 10 inclusively, *could only have been used for personal, family, or household purposes*.

5      **60.** Since July of 2018 Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1

6  thru 10 inclusively, totally ignored all written attempts by plaintiff CARUSO to *cease and*

7  *desist* all collection activities *immediately*, *instead*, these same defendant's commenced an

8  ongoing almost daily campaign over *a more than one year period of time* to harass, abuse

9  and coerce plaintiff CARUSO into paying an alleged consumer debt he has never owed.

10      **61.** Plaintiff CARUSO wrote several certified letters to Defendant's CPS, PR, HH,

11  MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, disputing and re-disputing the alleged

12  debt and negatively reported credit line which ALL went ignored or un-answered and ALL

13  of Plaintiff CARUSO'S requests for an investigation and re-investigations of the alleged

14  debt did not get completed correctly and thoroughly.

15      **62.** On June 06, 2019 , Plaintiff CARUSO sent Defendant's CPS, PR, HH, MAB, ANSI,

16  MBLLC, DOES 1 thru 10 inclusively, a Notice of Intention to Commence Action by Certified Mail

17  Receipt No # 7015 0640 0000 4511 4065 in an attempt to settle this issue informally without Court

18  intervention to date defendant's DCI, ICSI, CRM have fully ignored.

19  **VI. COUNT I**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT**
20  **(TCPA) 47 U.S.C. §227(b)(1)(A)**
**BY DEFENDANT'S CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 THRU 10**
21

22      **63.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional

23  allegations and general factual allegations in paragraphs 1 thru 62 herein.

24      **64.** In 1991, Congress enacted th TCPA [1] in response to a growing number of

25  consumer complaints regarding certain telemarketing practices.

26      **65.** The TCPA regulates, amongst other things, the use of Voice and ATDS

27  systems. Specifically, the *plain language* of **Section §227(b)(1)(A)** prohibits the use of an ATDS

28  system to make any call to a wireless number, or to use a Voice system during such a call, in the

1  absence of *an emergency* or the *prior express written consent* of the called party.[2]

2      **66.**    According to findings by the FCC, the agency Congress vested with the authority to

3  issue regulations implementing the TCPA, such calls are strictly prohibited because, as Congress

4  found, telephone calls using a Voice or an ATDS system are a *greater nuisance and invasion of*

5  *privacy* than *live solicitation calls*, and such calls can be *costly and inconvenient to the called*

6  *party*. The FCC also recognized that *wireless customers are charged for incoming calls whether*

7  *they pay in advance or after the cell phone minutes are used.* [3]

8      **67.**    On January 4, 2008, the FCC released a Declaratory Ruling wherein itwas

9  confirmed that all Voice and ATDS consumer debt collection calls to a wireless cell phone

10  number by a creditor or consumer debt collector are permitted only if the calls are made

11  with the "*prior express written consent*" of the called party. [4]

12      **68.**  The FCC "emphasize[d] that prior express written consent is deemed to

13  be granted only if the wireless number was provided during the transaction that

14  resulted in the debt owed. [5]

15      **69.**    This same Declaratory Ruling of 2008 further dictates that:

16  " a creditor on whose behalf an autodialed or prerecorded message call is made to a

17  wireless number bears the responsibility for *any* violation of the Commission's

18  rules. Calls placed by a third party debt collector on behalf of that creditor are

19  treated as if the creditor itself placed the call ."[6]

20      **70.**    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,

21  the burden is on the defendants CBB and DOES 1-10 to *demonstrate* that plaintiff CARUSO gave

22  his *prior express written consent* to use a Voice and/or a ATDS system to place numerous calls to

23  his cell phones within the meaning of the statute. [7]

24

---

25  [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified
at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[2] 47 U.S.C. §227(b)(1)(A).

26  [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

27  [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

28  [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.

**71.**   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have conducted their business's by engaging in illegal consumer debt collection practices.

**72.**   The Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, all of them have made hundreds of thousands of telephone calls to the cellular telephones of consumers for the purposes of collecting consumer debts allegedly owed to them, or, consumer debt's bought directly from the original consumer creditor by them.

**I.**   **FIRST CHALLENGED PRACTICE:**
**Debt Collector's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, made Calls To Plaintiff's Cellular Telephones Using a Voice And/Or ATDS System .**

**73.**   At all times pertinent hereto, the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively as Debt Collectors, have utilized a Voice and/or a ATDS system during consumer debt collection calls made to the cellular telephones of consumers who _had not_, during the transaction that resulted in the alleged consumer debt, previously given Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, _express written permission or consent_ to _receive such calls_.

**74.**   Calls utilizing Voice and/or a ATDS system allow Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,  to _collect more consumer debt_.

**75.**   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have utilized a Voice and/or a ATDS system during debt collection calls which is one of this "industries newest innovations" which is "agentless" and can place hundreds of recorded messages as consumer debt reminders all in the same business day."

**76.**   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, all consumer debt collectors, have utilized a Voice and/or a ATDS system  including a predictive dialer, to make debt collection calls to the private cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, _ever_ previously given defendant's DCI, ICSI, CRM _express written permission or consent_ to receive such calls.

77.   A predictive dialer is a Voice and/or a ATDS system within the meaning of the TCPA, because it is equipment that, when paired with certain computer software, has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

78.   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have entered into written contracts with all of its subsidiaries to use predictive dialers, for example:

> **i.e. the terms of the Collection Services Agreement utilized by defendant's DCI, ICSI, CRM , require that consumers be contacted " via Voice and/or a ATDS predictive dialer system in an effort to collect on past due balances." See Lee v. Credit Mgmt., LP, 2012 WL 113793, at *11 & n.17 (S.D. Tex. 2012).**

79.   Calls utilizing a Voice and/or a ATDS system allows each and every defendant described herein *to collect more debt*.

80.   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have been fully aware that its employees/personnel have utilized an Voice and/or a ATDS system because, *inter alia*, the use of an Voice and/or a ATDS system is standard industry practice among consumer debt collectors., the "predictive dialer enables us to reach more of our client's while maintaining a cost-effective approach"and that the "dialer *** completes call campaigns more quickly*** conducts the most effective calling strategies ***."

81.   On information and belief, within the past [5] five years, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have placed tens of thousands of Voice system and/or ATDS calls to the emergency cellular telephones of consumers *who had not*, during the transaction that resulted in the alleged consumer debt, *previously given* Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *prior express written consent* to receive such calls.

**II.    Second Challenged Practice:**
Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,
Making Calls To Plaintiff CARUSO's Cellular
Telephone Using a Voice And/Or ATDS System.

**82.**   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have utilized a Voice and/or a ATDS system during consumer debt collection calls to the cellular telephones of consumers who *had not,* during the transaction that resulted in the consumerdebt, *previously* Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *express written consent* to receive such calls.

**83.**   At all times pertinent hereto, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have also utilized an Voice and/or a ATDS system , including a *predictive dialer,* to make consumer debt collection calls to the cellular telephones thousands of consumers who had not, during the transaction that resulted in the debt, previously given Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *express written consent* to receive such calls.

## III.    Plaintiff ERIC CARUSO

**84.**   Plaintiff ERIC CARUSO  is a "person" as defined by 47 U.S.C.§153(39).

**85.**   On September 07, 2018, plaintiff CARUSO received the first automated illegally placed telephone call at 7:03 am, since that date the defendant's have commenced an almost daily debt collection campaign with more than [20] twenty more automated recorded telephone calls to follow. It is now Plaintiff CARUSO'S firm belief that if you add up all of the combined illegal telephone calls place to plaintiff CARUSO over the past year or more add up to over [80] eighty illegally placed calls.

**86.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, placed a multitude of other calls to plaintiff CARUSO's private cell phone number over the past year, *more illegally received calls than plaintiff CARUSO cares to document in this Complaint ,* he ended up paying for all of these unwanted illegal calls on his monthly cell phone bills. Finding *the exact amount* of these *illegally placed debt collection calls* can be found out by plaintiff CARUSO or his council during the Discovery process of this Complaint/lawsuit.

**87.** Plaintiff CARUSO *has no past or present business relationship or otherwise with* Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, there exists *no written or oral contract[s]* between plaintiff CARUSO and Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *for arbitration or otherwise*.

**88.** Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, *utilized a* Voice and/or ATDS *during at least 90% of the* [20] twenty illegally placed cellular calls to the plaintiff's emergency cellular phone described above.

**89.** *All of the* Voice and/or ATDS *calls described above were placed by* Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, to plaintiff CARUSO's cellular phones *solely to collect a consumer debt allegedly owed to the* phones by plaintiff CARUSO.

**90. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT VOICE AND/OR ATDS SYSTEM:**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice .

**91.** Defendant's DCI, ICSI, CRM *have demonstrated willful and knowing non-compliance* with **47 U.S.C. §227(b)(1)(A)** *by using an automatic telephone dialing system* to call the Plaintiff's cell phone number from August of 2018 to the present date more than [20] twenty times. All of these calls from the dates of August of 2018 and today's date (760) 334-2365 has been listed on the "National Do Not Call List" since January 20, 2014.

**92.** Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have committed more than [35] thirty five   separate strict statutory violations of **47 U.S.C. §227(b)(1)(A).** Accordingly Plaintiff CARUSO is *entitled* to statutory damages in the amount of $500 dollars U.S. for the **first** *"unintentional"* consumer collection call made to

1   plaintiff CARUSO by the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10

2   inclusively, on September 07, 2018, pursuant to **47 U.S.C. §227(b)(1)(A).**

3      **93.**  Plaintiff CARUSO is *also entitled to* treble damages in the amount of $1500.00

4   U.S. dollars for *each* of the additional [19] nineteen "*intentional*" consumer debt

5   collection calls placed by defendant's DCI, ICSI, CRM , to the plaintiff's private

6   emergency cell phone numbers  (760) 334-2365.  After this initial first "*unintentional*" call

7   pursuant to **47 U.S.C. §227(b)(3)(B).**

8      **94.**  Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,

9   have demonstrated *willful and knowing  non-compliance* with **47 U.S.C. §227(b)(3)(B)** as

10   those calls were ALL *"intentional"*, meaning the last [19] nineteen consumer debt

11   collection calls intentionally placed by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC,

12   DOES 1 thru 10 inclusively, to plaintiff CARUSO's cellular phone are ***subject to treble***

13   ***damages, or $1500 per call*** pursuant to **47 U.S.C.§227(b)(3)(B).**

14      **95.**  Plaintiff CARUSO and Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1

15   thru 10 inclusively, inclusively, *do not* have an *established business relationship* within the

16   meaning of **47 U.S.C. §227** *et seq.*

17      **WHEREFORE,**   Plaintiff, CARUSO, respectfully requests judgement be entered

18   against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,

19   for the following:

20      **96.** Declaratory judgement that the defendant's  conduct violated

21   **[ TCPA ] 47 U.S.C. §227** *et seq.*;

22      **97.**   Statutory damages of $29,000.00 for all [20] illegally placed unintentional

23   and intentional harassing debt collection calls pursuant to **[ TCPA ] 47 U.S.C. §227** *et seq.*;

24      **98.**   Costs and reasonable attorneys fees pursuant to the

25   **FDCPA Act 15 U.S.C.** *§1692 et seq.*

26      **99.**   Any other relief that this Honorable Court deems appropriate.

27   **47 U.S.C. §227** *et seq.*, together with such other and further relief as this court may deem

28   reasonable and just.

# VII.  COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)
## 15 U.S.C. §1692(c)(a)(1)
### BY DEFENDANT'S CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 THRU 10

**100.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 99 herein.

**101.   15 U.S.C. §1692(c)(a)(1) states in part;**

**COMMUNICATION WITH THE CONSUMER GENERALLY** without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

**102.**   As previously alleged, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 are all "debt collectors" within the meaning of the Fair Debt Collection Practices Act, **15 U.S.C. Section §1692 *et seq.*** defendants are all engaged in conduct proscribed by **15 U.S.C. Section §1692e(8)**, namely, "Communicating or threatening to communicate to any person negative consumer credit information which is known or which should have known to be false, including the failure to communicate that a disputed consumer debt is disputed" Plaintiff CARUSO reserves the right to allege other violations of the FDCPA as the facts of this case unfold.

**103.**   Plaintiff CARUSO alleges Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, all *violated other statutory provisions* of the Federal Fair Debt Collection Practices Act, as follows:

**a. 15 U.S.C. Section §1692d**: Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, and engaged in consumer debt collection efforts after they knew, and had determined, that they had no basis for continuing to pursue  plaintiff CARUSO that had the natural consequences of harassing, abusing and oppressing the plaintiff *in concert or in conjuction or unison with other named defendants contained herein in the above-entitled federal complaint*.

1      **b. 15 U.S.C. Section §1692e**: Defendant's CPS, PR, HH, MAB, ANSI,

2   MBLLC, DOES 1 thru 10 inclusively, inclusively *have threatened action, or taken action,*

3   *including threats of negative credit reporting, threats of lawsuits and implicit or explicit threats of*

4   *derogatory negative credit reporting, that cannot legally be taken because the alleged debt is*

5   *not* Plaintiff CARUSO's *consumer debt.*

6      **c. 15 U.S.C. Section §1692f**:Defendant's CPS, PR, HH, MAB, ANSI,

7   MBLLC, DOES 1 thru 10 inclusively, have each used unfair or unconscionable means to

8   collect or attempt to collect the alleged debt. Specifically, each has attempted to collect

9   amounts not expressly authorized by law or by any agreement, and have continued to

10  attempt collection in spite of cancellation of the underlying agreement.  In essence, there is

11  no agreement and no obligation by which Mr. CARUSO owes any monies to the

12  Defendant's yet the defendants persists to this day in their ongoing concerted debt

13  collection campaign and illegal harassing consumer collection call efforts and threats.

14      **104.**    Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,

15  inclusively knew, or should have known that they placed more than [20] twenty Voice

16  and/or automated Voice or ATDS system calls to plaintiff's emergency cell phone numbers

17  (760) 334-2365 more than [20] twenty times, between the dates of September 07, 2018 to

18  the present day, were both inconvenient, annoying, and cost him money on his cell phone

19  bills that he had to pay for.

20      **105.**  All of these calls were made *deliberately and intentionally, thus,* Defendant's

21  CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, have committed [20] twenty

22  separate and distinct statutory violations of 15 U.S.C. §1692(c)(a). ***Every single one*** of these

23  illegally placed calls were illegally placed by defendant's DCI, ICSI, CRM and Does 1 thru 10

24  inclusively *without* the ***prior express written consent*** of the consumer plaintiff CARUSO.

25      **106.**   As a result of these statutory violations of the Federal Fair Debt Collection

26  Practices Act by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively,

27  plaintiff CARUSO has suffered general and special damages according to proof, and is

28  entitled to a statutory penalty for each separate violation of this Act.

**WHEREFORE,**   Plaintiff, CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, for the following reasons:

**107.** Declaratory judgement that the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively, conduct violated the **[ FDCPA ] 15 U.S.C. *§1692 et seq.*;**

**108.**   Statutory damages of $1,000.00 for each violation pursuant to the **[ FDCPA ] 15 U.S.C. *§1692 et seq.***

**109.**   Costs and reasonable attorneys fees pursuant to the **[ FDCPA ]15 U.S.C. *§1692 et seq.***

**110.**   Any other relief that this Honorable Court deems appropriate.

**VIII.   COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**[FDCPA]§1692(d)(5)**
**BY DEFENDANT'S CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 THRU 10**

**111.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 110 herein.

**112.   [ FDCPA ] 15 U.S.C. §1692(d) states in part;**

A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**113. [ FDCPA ] 15 U.S.C. §1692(d)(5) states in part;**

Causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**114.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 continuously violated **[ FDCPA ] 15 U.S.C. §1692(d)(5)** by calling plaintiff's cell phone number more than [20] twenty times, [ *many times before 8:00 am in the morning* or 9pm at night] [many times calling *multiple times in the same day* ] directly causing the plaintiff's personal cell phone to ring repeatedly and continuously with the *intent* to *annoy, abuse, or harass* the plaintiff.  Every single one of these placed calls were placed  by defendant's

1    Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 *without* the *prior express*

2    *written consent* of the consumer, plaintiff CARUSO

3        **115.**    During this period of time between September 07, 2018 to the present day

4    Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 staff/personnel intentional

5    and repeatedly called plaintiff CARUSO more than [20] times on his emergency cell phone

6    number (760) 334-2365, these same illegally placed harassing debt collection calls have

7    caused plaintiff undue *stress, confusion,* and *long term nervousness* and *embarrassment*

8    applying for fair housing or credit lines, including *unexpected increased cell phone bills*

9    *that this plaintiff could ill afford.*

10        **116.**  Plaintiff CARUSO alleges that Defendant's CPS, PR, HH, MAB, ANSI,

11    MBLLC, DOES 1 thru 10 caused his cell phones to ring on more than [20] twenty separate

12    occasions between the dates of September 07, 2018 to the present day, by causing him to

13    answer these calls and either engage in a lengthy conversations with defendant's staff or,

14    have to listen to numerous pre-recorded messages left by defendant's staff on plaintiff

15    CARUSO'S emergency cell phone message service accounts, which plaintiff CARUSO

16    *has to pay monies for that he can ill afford.*

17        **WHEREFORE,** Plaintiff, ERIC CARUSO respectfully requests judgement be

18    entered against Defendant's CPS, PR, HH, MAB, MBLLC, DOES 1 thru 10 for the

19    following:

20        **117.**    Declaratory judgement that the Defendant's CPS, PR, HH, MAB, ANSI,

21    MBLLC, DOES 1 thru 10 's illegal conduct violated the **[ FDCPA ] 15 U.S.C. §1692(d)(5)**.

22        **118.**    Statutory damages of $1,000.00 for **each** violation pursuant to the

23    **[ FDCPA ] 15 U.S.C. §1692 (d)(5)**.

24        **119.**    Costs and attorneys fees pursuant to the **[ FDCPA ] 15 U.S.C. §1692 (d)(5)**.

25        **120.**    Any other relief that this Honorable Court deems appropriate.

26    ///

27    ///

28    ///

# VIIII.   COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [ FDCPA ]
### 15 U.S.C. §1692(d)(6)
### BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 THRU 10

**121.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 120 herein.

**122.** [ FDCPA ] 15 U.S.C. §1692(d)  states in part;

> **A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt.**
> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ***The placement of telephone calls without meaningful disclosure of the caller's identity.***

**123.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 staff/personnel violated **[ FDCPA ] 15 U.S.C. §1692(d)(6)** by illegally placing more than [20] twenty automated and/or voice debt collection calls to plaintiff CARUSO's cell phone between the dates of September 07,2018 and the present day. On several occasions these very same calls were made without meaningful disclosure of the callers identity. All [20] twenty illegally placed calls were independently placed at different times.

**124.**   Every single one of these more than [20] twenty phone calls placed by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 were being made *without the prior express written consent* of the consumer plaintiff CARUSO.
This added to the plaintiffs daily confusion and anxiety about these very same calls.

> *i.e.*   ***Who is this person or machine on the other end of the phone?***
> ***Why are they calling me almost every day, many times a day?***
> ***Why are they leaving these strange messages?***
> ***Why won't the people (when they do come on the line)***
> ***not listen to me and stop calling me?***

**125.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 are using the fact that the plaintiff has added stress issues due to the defendant's  continually calling his personal emergency cell phones *sometime's more than once a day*, to *harass, annoy* and *coerce* him into paying an **alleged non-existent consumer debt he never owed.**

126.   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 , *thru mailed dunning letters and over [20] twenty harassing phone calls* to plaintiff CARUSO *all the while threatening* to report this same alleged non-existent consumer debt item to be placed by defendant's on all three National consumer credit reporting agencies that record and report plaintiff CARUSO's credit.  ***These very same illegal business activities border on the edge of professional business extortion practices***.

**WHEREFORE,**   Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 for the following:

127.   Declaratory judgement that the Defendant's illegal conduct violated **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

128.   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

129.   Costs and reasonable attorneys fees pursuant to **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

130.   Any other relief that this Honorable Court deems appropriate.

## X.   COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [FDCPA]
## 15 U.S.C.§1692(e)(10)
## BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 THRU 10

131.   Plaintiff CARUSO  re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 130 herein.

132.   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10 inclusively violated **[FDCPA] 15 U.S.C. §1692(e)(10)** by the use of false representation or deception means to collect or attempt to collect a debt or to obtain information concerning a consumer.

133   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10's staff *lied* to plaintiff CARUSO on *numerous occasions* starting before October 03,2017 with numerous harassing debt collection dunning letters threatening to place negative credit line[s] on

plaintiff CARUSO'S personal credit reports, and continuing their ongoing illegal debt collection campaign to the present day to gain information about the Plaintiff CARUSO .

134. 15 U.S.C. §1692(e) states in part;
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any consumer debt. Without limiting the general application of the foregoing. The following conduct is a violation of this section:

135. 15 U.S.C. §1692(e)(10) states in part;
The use of any false representation or deceptive means to collect or attempt to collect a consumer debt or obtain information about a consumer.

136. Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10's staff not only *ignored* this same *demand* for ***certification/validation*** of the alleged consumer debt, these above named consumer business entities commenced a campaign for over the past year to harass, oppress, threaten, confuse and cause plaintiff CARUSO to experience long term emotional distress and confusion while at work, driving or at home trying to rest.

137. These [20] twenty illegally placed debt collection calls all placed by Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10's staff constitute more than [20] twenty separate and distinct statutory violations,

[ i.e. if I dent your car on a Monday backing out of my driveway and then do it again on Wednesday and again on Friday, that's [3] three separate and distinct occurrences or violations, ]
as defined by [FDCPA] 15 U.S.C.§1692g(1)(2)(5)(b) of the statutes of the United States of America and the California Consumer Protection Statutes/Laws.

WHEREFORE, Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

138. Declaratory judgement that the Defendant's illegal conduct violated [ FDCPA ] 15 U.S.C. §1692(d)(6).

139. Statutory damages of $1,000.00 for **each** violation pursuant to the [ FDCPA ] 15 U.S.C. §1692(d)(6).

140. Costs and reasonable attorneys fees pursuant to [ FDCPA ] 15 U.S.C. §1692(d)(6).

141. Any other relief that this Honorable Court deems appropriate.

## XI.   COUNT VI
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
### 15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANT
### BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL,
### AND DOES 1 THRU 10

1
2

3       **142.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional

4   allegations and general factual allegations in paragraphs 1 thru 141 herein.

5       **143.**   On or about September 10, 2018 Plaintiff CARUSO, who is not a minor,

6   checked his consumer credit report from all three national credit reporting agencies,

7   Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered several

8   negative consumer credit accounts reported by Defendant's  CPS, PR, HH, MAB, ANSI,

9   MBLLC, TU, EISI, EISL, and DOES 1 thru 10 placed on his personal consumer credit report,

10   all of these negative credit accounts were unfamiliar to plaintiff CARUSO, as he did not

11   recall ever opening them and *he was never informed by any of these furnishers* or CRA's

12   of *their negative credit reporting* activities.

13       **144.**   On or about September 10, 2018 Plaintiff CARUSO contacted the

14   Defendant's  CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10

15   via US post office certified mail and disputed the negatively reported credit lines and

16   requested an investigation of these alleged negatively reported credit lines pursuant to 15

17   U.S.C. §1681s-2(b) (FCRA).

18       **145.**   On or about March 15, 2019, ***following all of his credit bureau disputes and***

19   ***re-disputes including requests for proper investigations and re-investigations*** Plaintiff

20   CARUSO sent a second set of certified demand letters to these same Defendant's CPS, PR,

21   HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 , in which he *demanded*

22   documentation substantiating the existence, ownership and ***accuracy*** of the negative

23   consumer credit accounts reported by each of them, *he also demanded a re-investigation as*

24   *to the validity of each negatively reported account, and to immediately delete these same*

25   *negative accounts from his credit file*s.

26       **146.**   Upon receipt of plaintiff CARUSO's disputes these same named Defendant's

27   CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 each continued to

28   report disputed accounts on his consumer credit reports, without notice that the accounts

1 | had been disputed by plaintiff, all throughout the investigation period and thereafter.
2 | They further failed to properly address plaintiff CARUSO's direct disputes with them and
3 | *failed to provide for his requested* "verification" and "validation" for these disputed
4 | negative consumer accounts.

5 |     **147.** On or about April of 2019 Plaintiff CARUSO followed up with the
6 | Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10
7 | inclusively on multiple occasions via written certified demand letters, re-submitted his
8 | requests and *re-demanding immediate deletion of the unverified accounts due to lack of*
9 | *verification.* Each of these correspondences went *completely unanswered, ignored,* or were
10 | *improperly handled,* all of his efforts and correspondences proved *unsuccessful* in attaining
11 | *any of the defendant's cooperation **whatsoever***.

12 |     **148.** Regardless of plaintiff CARUSO's numerous attempts to seek defendant's
13 | cooperation and of the aforementioned defendant's each and every one of them
14 | continuously, to date, failed to answer back to plaintiff CARUSO with appropriate proof of
15 | investigation and re-investigation or verification/validation/certification of the information
16 | in dispute and failed to take **any** corrective action.

17 |     **149.** These very same disputed and highly inaccurate negatively reported consumer
18 | credit accounts continue to reflect very negatively upon Plaintiff Caruso as a consumer,
19 | borrower, debtor, his ability to gain employment and decent housing, these same negative
20 | consumer credit lines impacted plaintiff CARUSO's creditworthiness and financial
21 | standing, relationships with his girlfriends or potential wives.

22 |     **150.** Plaintiff CARUSO has suffered financial and emotional distress as a direct
23 | result of Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru
24 | 10's numerous illegal violations, which include but are not limited to the following:

25 |     **a.** Actual damages arising from monetary losses related to denials to new
26 | credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated
27 | interest in financial charges;

28 |

**b.**   Out of pocket expenses associated with communicating with Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 disputing the negative credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

**c.**   Emotional distress and mental anguish associated with having derogatory credit information transmitted about plaintiff to other people both known and unknown;

**d.**   Decreased credit score and creditworthiness, which may result in the inability to obtain credit,employment or affordable housing without larger security deposits on future attempts.

**151.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 knowingly and willfully violated the FCRA.  Defendant's strict statutory violations include but are not limited to the following:

**a.**   Failing to inform plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRAs, in violation of **[ FCRA ] 15 U.S.C. §1681s-2(a)(7)(A),;**

**b.**   Failing to conduct a proper and complete investigation or re-investigation of disputed negative consumer credit information upon the receipt of Plaintiff CARUSO's disputes in violation of **[ FCRA ] 15 U.S.C.§1681s-2(a)(8)(E);**

**c.**   Failing to verify  disputed accounts with the CRA's  prior to conducting a thorough investigation and without having substantiating support for such verification;

**d.**   Reporting disputed information to the CRAs, without notice of plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of **[ FCRA ] 15 U.S.C.§1681s-2(a)(3);**

**e.**   Out of pocket expenses associated with the communication with defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.

**WHEREFORE,**  Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 for the following:

**152.**   Declaratory judgement that the Defendant's illegal conduct violated **[ FCRA ] 15 U.S.C.§1681** *et seq*.

**153.**   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FCRA ] 15 U.S.C.§1681** *et seq*.

**154.**   Costs and reasonable attorneys fees pursuant to **[ FCRA ] 15 U.S.C.§1681** *et seq*.

**155.**   Any other relief that this Honorable Court deems appropriate.

### XII.   COUNT VII
### VIOLATION OF FAIR CREDIT REPORTING ACT
### [ FCRA ] 15 U.S.C. §1681b WILLFUL AND/OR KNOWING NON-COMPLIANCE
### BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL,
### AND DOES 1 THRU 10

**156.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 155 herein.

**157.   The [ FCRA ], 15 U.S.C.§1681b** defines the *permissible purpose* for which a person may obtain a consumer credit report.

**158.**   Such *permissible purposes* as defined by **(FCRA) 15 U.S.C.§1681b** are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**159.**   Plaintiff CARUSO has *never* had *any business dealings* or had any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any of the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 inclusively.

**160.**   At *no time* did Plaintiff CARUSO give his consent for Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 inclusively to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

**161.**   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 inclusively have demonstrated willful and/or knowing non-compliance with the **[ FCRA ], 15 U.S.C.§1681b** and repeatedly violating plaintiff CARUSO's right to privacy.

**162.** Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 inclusively had a *duty* to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's consumer credit report and defendant's each and every one of them and *breached said duty by failing to do so*.

**WHEREFORE,**   Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 for the following:

**163.**   Declaratory judgement that the Defendant's illegal conduct violated **[ FCRA ] 15 U.S.C.§1681b.**

**164.**   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FCRA ] 15 U.S.C.§1681b.**

**165.**   Costs and reasonable attorneys fees pursuant to **[ FCRA ] 15 U.S.C.§1681b.**

**166.**   Any other relief that this Honorable Court deems appropriate.

### XIII.   COUNT VIII
#### VIOLATIONS OF
**[ CCCRAA ]THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, AND DOES 1 THRU 10**

**167.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 166 herein.

**168.**   Within one years prior to the filing of the complaint in this action, Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

**a.**   By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff CARUSO, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

**b.** By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10, knew, or should have known, was incomplete, inaccurate and/or unverifiable;

**c.** By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's consumer credit file after conducing an investigation;

**d.** By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10,

**e.** By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

169. Each of the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiff's consumer credit reports. Plaintiff CARUSO hereby alleges that each of the defendant's policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each defendant knows of the effect's of their conclusive policies and practices.

170. As a proximate result of the willful and negligent actions of the Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 and each of them, plaintiff CARUSO has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the [ CCCRAA ]California Consumer Credit Reporting Agencies Act.

**WHEREFORE,** Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 for the following:

171. Declaratory judgement that the Defendant's illegal conduct violated **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

172. Statutory damages of $1,000.00 for **each** violation pursuant to the **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

173. Costs and reasonable attorneys fees pursuant to **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

174. Any other relief that this Honorable Court deems appropriate.

### XIII.  COUNT VIIII
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.* BY DEFENDANT'S  CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL,AND DOES 1 THRU 10

175. Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 174 herein.

176. Plaintiff CARUSO is a *consumer* within the meaning of **15 U.S.C. §1692 *et seq.***

177. Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 , inclusively, are seeking to collect an *alleged consumer debt* from plaintiff CARUSO as defined by California Civil Procedure §1788(f).

178. The alleged Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10's consumer debt account in question is a *consumer transaction* as defined by California Civil Procedure §1788(e), as the Plaintiff CARUSO has allegedly received property, services or money from ANY of the defendant's or an extension of credit, and such  property, services or money was used primarily for personal, family or household purposes.

179. Defendant's each and every one of them also violated **§1788.11(d)** of the **[ CFDCPA ]California Rosenthal Fair Debt Collection Practices Act** by placing collection calls to the plaintiff's cellular phone repeatedly and continuously so as to annoy, harass or embarrass the plaintiff. *Plaintiff CARUSO contends he has always paid all of his consumer bills in as timely a manner as possible.*

180.   All of the defendant's violated §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** by placing numerous harassing debt collection calls to the plaintiff CARUSO with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the plaintiff under the circumstances.

181.   Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 also violated Section §1788.17 of the **California Rosenthal Fair Debt Collections Practices Act [ CFDCPA ]** by *continuously* failing to comply with the statutory regulations contained within the **United States [ FDCPA ] Fair Debt Collection Practices Act 15 U.S.C. §1692** *et seq.*

**WHEREFORE,** Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10's for the following:

182.   Declaratory judgement that the Defendant's illegal conduct violated §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]**.

183.   Statutory damages of $1,000.00 for **each** violation pursuant to §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]**.

184.   Costs and reasonable attorneys fees pursuant to §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]**.

185.   Any other relief that this Honorable Court deems appropriate.

### XV.   COUNT X
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES
### 15 U.S.C. §1681(e)
### DEFENDANT'S TU, EISI, EISL AND DOES 1-10

186.   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 185 herein.

187.   All [3] three of the above-named defendant CRA's TU, EISI, EISL violated **15 U.S.C. §1681e(b)** by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report and consumer credit files it published and maintains concerning plaintiff CARUSO.

**188.**   As a result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO suffered damages by loss of credit, denial of rental of houses and commercial buildings, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**189.**   Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the court pursuant to **15 U.S.C. §1681n**. In the alternative, it was negligent, entitling plaintiff to recover under **15 U.S.C. §1681o**.

**190.**   Plaintiff is entitled to recover attorneys fees from defendant CRA's in an amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o**.

**WHEREFORE,**   Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against defendant's TU, EISI and EISL for the following:

**191.**   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Code** state counterparts.

**192.**   Statutory damages of $1,000.00 for <u>each</u> violation pursuant to **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Codes.**

**193.**   Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Codes.**

**194.**   Any other relief that this Honorable Court deems appropriate.

### XVI.   COUNT XI
### AGAINST ALL THREE CRA'S
### FAILURE TO REINVESTIGATE 15 U.S.C. §1681(i)
### DEFENDANT'S TU, EISI & EISL

**195.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 194 herein.

**196.**   Defendant CRA's violated **15 U.S.C. §1681i** on multiple occasions in the past and up to today's date by failing to delete inaccurate information in plaintiff's consumer credit files after receiving actual notice to such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to

maintain reasonable procedures with which to filter and verify disputed information in plaintiff's consumer credit file; and by relying upon verification from a source it has reason to know is unreliable.

197.   As a direct result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO has suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of consumer credit denials.

198.   Defendant CRA's conduct, action and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to **15 U.S.C. §1681i**. In the alternative, it was negligent, entitling Plaintiff CARUSO to recover under **15 U.S.C. §1681i**.

199.   Plaintiff CARUSO is entitled to recover attorneys fees from defendant's in an amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o**.

**WHEREFORE,**   Plaintiff, ERIC CARUSO, respectfully requests judgement be entered against defendant's TU, EISI and EISL for the following:

200.   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** of the **California Civil Code** state counterparts.

201.   Statutory damages of $1,000.00 for **each** violation pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** of the **California Civil Codes.**

202.   Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** .

203.   Any other relief that this Honorable Court deems appropriate.

///

///

///

///

///

## XVIII.  PRAYER

I, ERIC CARUSO, the Plaintiff In Pro Se, in the above-entitled

Complaint respectfully prays for judgment as follows:

**204.** For actual, general and special damages according to the proof at trial;

**205.** For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

**206.** For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

**207.** For attorney's fees where authorized by statute or law;

**208.**  For costs and expenses of suit; and

**209.**  For such other relief as the court deems just and proper.

## XVIIII.  DEMAND FOR JURY TRIAL

**210.**  Plaintiff ERIC CARUSO hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this __1__<sup>st</sup> day of July 2019.

ERIC CARUSO, Plaintiff  In Pro Se.
1641 Borden Road, Apt B7
Escondido, CA 92026-2365
Ph: 760-334-2365
carusoeric@gmail.com

## XI.  VERIFICATION
## DECLARATION OF PLAINTIFF ERIC CARUSO

**I, ERIC CARUSO**, declare as follows:

**211.**  I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**212.**  I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**213.**  I have been damaged *financially*, *socially* and *emotionally* since October of 2017 as a direct result of Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 unlawful actions and conduct including more than [20] twenty calls to my emergency cellular phone.

**214.**  I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**215.**  I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**216.**  Plaintiff CARUSO demands judgement for damages against Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this _1st_ day of July By:  _Eric Caruso_

ERIC CARUSO, Plaintiff In Pro Se