HUNT & HENRIQUES
ATTORNEYS AT LAW
Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill, Esq. # 266038
151 Bernal Road #8
San Jose CA 95119-1306
Telephone: (408) 677-5822
Facsimile: (408) 360-8482

Attorneys for Defendants
File No. 1338600

# United States District Court

## Southern District of California

| | |
|---|---|
| Eric Caruso,<br><br>             Plaintiff,<br><br>    vs.<br><br>Cavalry Portfolio Svcs,<br>Portfolio Recovery,<br>Hunt & Henriques,<br>Mercantile Adjustments Bureau,<br>ARS National Services Inc.,<br>MRS BPO L.L.C.,<br>Trans Union LLC,<br>Experian Information Solutions Inc.,<br>Equifax information Services LLC,<br>And DOES 1-10,<br><br>        Defendants. | Case No.  19-cv-1224-CAB-LL<br><br>Hunt & Henriques's notice of joinder and joinder in Portfolio Recovery Associates, LLC's motion to dismiss<br><br>Memorandum of points and authorities<br><br>Date:       September 19, 2019<br>Courtroom:  4C<br><br>Hon. Cathy Ann Bencivengo<br><br>Per chambers rules, no oral argument unless separately ordered by the court |

## Notice of joinder

To all parties in interest and their attorneys of record:

PLEASE TAKE NOTICE that on September 19, 2019, in Courtroom 4C of the above-entitled court, defendant Hunt & Henriques (H&H) will and hereby does join in defendant Portfolio Recovery Associates, LLC (PRA)'s motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), on the grounds that

the complaint fails to state facts sufficient to constitute a claim for relief against H&H under the Telephone Consumer Protection Act (TCPA, 47 United States Code § 227 *et seq.*), the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681, *et seq.*), the California Consumer Credit Reporting Agencies Act (CCRA, California Civil Code § 1785 *et seq.*), the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 *et seq.*), and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA, Civil Code § 1788 *et seq.*).

H&H incorporates the arguments in Portfolio's motion and memorandum of points and authorities.

H&H submits its own declaration in support of additional fact-based reasons that plaintiff could not prevail against H&H on his TCPA, FCRA, and CCRA claims even if granted leave to amend, as fair notice to perform his Rule 11 duty before reasserting these claims against H&H.

H&H submits its own proposed order.

## Memorandum of points and authorities

### Argument

### *1. All of the claims fail because they improperly group all defendants as one*

As argued by PRA at 10:15*ff.* of its memorandum of points and authorities (doc_11-1), plaintiff lumps defendants together in groups of 6 or 9 and asserts blanket allegations against all of them, without specifying which defendant committed which act. By this pleading, plaintiff has failed to state a claim and the entire complaint should be dismissed.

In case plaintiff demonstrates that he would be able to salvage his claims by amendment, H&H offers the following as reasons that plaintiff cannot prevail on FCRA, CCRA, or TCPA claims against H&H. H&H respectfully requests that plaintiff comply with his Federal Rule of Civil Procedure 11 duty and *not* assert these claims against H&H unless he has supporting evidence in hand as required by Rule 11(b)(3) before filing an amended complaint.

***2. H&H cannot be liable under FCRA or CCRA because it does not report debt***

H&H is a law firm; it does not purchase debt and does not report any debts to any credit reporting agencies. Declaration of Donald Sherrill, ¶¶ 2-4.

Therefore, even if 15 USC § 1681s-2 provided a private right of action (which it does not), plaintiff could not assert FCRA claims against H&H without violating Fed. R. Civ. P. 11(b)(3). For the same reason, plaintiff cannot assert a CCRA claim against H&H without violating Rule 11(b)(3).

***3. H&H is not liable under TCPA because it does not autodial, does not leave prerecorded messages, and*** **never *called plaintiff***

H&H terminated all use of auto-dialing equipment as of January 28, 2017. H&H terminated all use of prerecorded voice messages as of January 28, 2017. Declaration of Donald Sherrill, ¶¶ 5-6. This date is more than two years before PRA placed plaintiff's Citibank account for collection with H&H on April 10, 2019. Moreover, H&H's business records do not reflect that H&H placed *any* calls to plaintiff at any time. Declaration of Donald Sherrill, ¶ 7.

Therefore, plaintiff could not assert FCRA claims against H&H without violating Fed. R. Civ. P. 11(b)(3).

**Summary and conclusion**

Plaintiff has failed to allege facts sufficient to state any claim, and all claims against H&H should be dismissed along with those against PRA. Plaintiff is now on notice that his FCRA, CCRA, and TCPA claims cannot be asserted against H&H in good faith, and FRCP 11(b)(3) requires plaintiff to have evidence in hand before making such factual allegations against H&H.

H&H respectfully requests that plaintiff's claims against H&H be dismissed.

Respectfully submitted,

/s/

Dated: August 21, 2019

Donald Sherrill / Kurtiss A. Jacobs
Attorneys for Hunt & Henriques

### Declaration of Donald Sherrill

I, Donald Sherrill, state:

1. I am an attorney licensed (# 266380) in California. I am a partner at Hunt & Henriques (H&H), and am thoroughly familiar with H&H's policies and business practices. I am a custodian of H&H's business records. I declare the following based on my own personal knowledge and on my review of H&H's business records.

2. H&H is a debt-collection law firm that collects on behalf of original creditors and assignees.

3. H&H does not purchase debt.

4. H&H does not report any debts to any credit reporting agencies.

5. H&H ceased all use of auto-dialing telephone equipment as of January 28, 2017, more than two years before plaintiff's defaulted Citibank credit account now owned by Portfolio Recovery Associates, LLC, was placed with H&H.

6. H&H ceased all use of prerecorded voice messages as of January 28, 2017, more than two years before plaintiff's defaulted Citibank credit account now owned by Portfolio Recovery Associates, LLC, was placed with H&H.

7. H&H's business records do not reflect that H&H received or placed any calls from or to plaintiff at any time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 21, 2019, at San Jose, California.

Donald Sherrill

19-cv-1224 / H&H Joinder to Motion to Dismiss

**CERTIFICATE OF SERVICE**

Re:     Eric Caruso v. Hunt & Henriques, et al.
        Case Number: 19-cv-1224-CAB-LL
        United States District Court, Southern District of California

I, the undersigned, declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 151 Bernal Road, Suite 8, San Jose, CA 95119. On the date below, I caused the document(s) listed below to be served via UPS:

**Hunt & Henriques's notice of joinder and joinder in Portfolio Recovery Associates, LLC's motion to dismiss; Memorandum of points and authorities; [Proposed] Order**

on the interested parties in said case as follows:

**<u>VIA UPS OVERNIGHT:</u>**
Eric Caruso
1641 Borden Road, Apt. B7
Escondido, CA 92026-2134

*Plaintiff in Pro Se*

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Jose, California on this 21st day of August, 2019.

Dated: <u>August 21, 2019</u>

                                                    Samantha Downey
                                                    Hunt & Henriques

Page 1 of 1
Certificate of Service

19-cv-1224-CAB-LL
1338600.001

HUNT & HENRIQUES
151 BERNAL ROAD SUITE 8
SAN JOSÉ CALIFORNIA 95119
TELEPHONE: (800) 680-2426
FACSIMILE: (408) 362-2299