UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CARUSO,<br><br>                          Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SVCS et al.,<br><br>                        Defendants. | Case No.: 19-CV-1224-CAB-AHG<br><br>**ORDER ON MOTIONS TO DISMISS**<br><br>[Doc. Nos. 11, 13, 19, 23] |

Before the Court are Defendants Portfolio Recovery, Hunt & Henriques, Mercantile Adjustments Bureau, Trans Union LLC, and Experian Information Solutions Inc.'s (collectively "Defendants") motions to dismiss Plaintiff's complaint. [Doc. Nos. 11, 13, 19, 23.] The Court deems the motions suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend.

**I.    BACKGROUND**

On July 1, 2019, Plaintiff Eric Caruso proceeding *pro se*, filed his complaint against Cavalry Portfolio Services, Portfolio Recovery, Hunt & Henriques, Mercantile Adjustments Bureau, ARS National Services Inc., MRS BPO LLC, Trans Union LLC,

Experian Information Solutions Inc., and Equifax Information Services LLC. [Doc. No. 1.] Cavalry Portfolio Services and ARS National Services Inc. have been dismissed with prejudice. [Doc. No. 32.] Defendant MRS BPO LLC has filed an answer [Doc. No. 23], and Defendant Equifax Information Services LLC filed a notice of settlement on September 19, 2019 [Doc. No. 36.]. The pending motions to dismiss Plaintiff's complaint are made on the same or similar grounds. The complaint alleges violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.* ("CCRAA"); and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act" or "RFDCPA").

### A. Factual Allegations as to the "Credit Bureau Defendants"

Plaintiff categorizes Defendants Portfolio Recovery, Hunt & Henriques, and Mercantile Adjustments Bureau as the "credit bureau defendants." [Doc. No. 1 at ¶ 41.] According to the complaint, the credit bureau defendants called Plaintiff's emergency cell phone number more than twenty times, many times before 8:00 a.m. and after 9:00 p.m. between the dates of October 3, 2018, and July 1, 2019, often on the same business day. [*Id.* at ¶¶ 45–47.] Plaintiff alleges that none of these calls were made for emergency purposes and were made by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices. [*Id.* at ¶¶ 48, 50.] Plaintiff also states that some of the named credit bureau defendants called Plaintiff more than eighty times at all hours of the day often on the same day, attempting to assert a right to enforce a consumer debt allegedly owed by Plaintiff. [*Id.* at ¶¶ 49, 51.] Further, Plaintiff alleges that on numerous occasions he demanded in writing that the credit bureau defendants provide him with written "verification" and consumer debt "validation" as it pertained to any alleged consumer debt, which the credit bureau defendants have ignored. [*Id.* at ¶ 53.] Plaintiff alleges he has no business debt, and therefore the alleged debt could only have been used

for personal, family, or household purposes. [*Id.* at ¶ 59.] Plaintiff also states the "alleged debt is not [his] consumer debt" [*Id.* at ¶ 103], and "an alleged non-existent consumer debt he never owed." [*Id.* at ¶ 125].

### B. Factual Allegations as to the "Credit Reporting Agency Defendants"

Plaintiff categorizes Defendants Trans Union LLC and Experian Information Solutions Inc. as the "credit reporting agency defendants." [*Id.* at ¶ 42.] According to the complaint, around September 2018, Plaintiff checked his consumer credit report from the credit reporting agency defendants and discovered several negative consumer credit accounts reported by the credit bureau defendants named above as well as from the credit reporting agency defendants. [*Id.* at ¶ 143.] Plaintiff states all of these negative accounts were unfamiliar to him and he was never informed by any of the furnishers or the credit reporting agency defendants of their negative credit reporting activities. [*Id.*] Plaintiff contacted all of the Defendants disputing the negative accounts and requested an investigation of such. [*Id.* at ¶ 144.] After further requests for investigation, the Defendants continued to report the negative accounts on his credit report and failed to provide him the requested "verification" and "validation." [*Id.* at ¶¶ 145–147.] Plaintiff alleges he has never had any business dealings or had any accounts with any of the Defendants. [*Id.* at ¶ 159.]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to

relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Initially, each Defendant contends that Plaintiff's claims fail as a matter of law because Plaintiff improperly asserts sweeping allegations against all named Defendants without specifying which Defendants committed which act, thereby failing to give proper notice. The Court agrees with Defendants that Plaintiff has failed to comply with Rule 8. Plaintiff's complaint is replete with broad conclusory allegations towards all named Defendants generally and fails to identify which Defendant is responsible for which alleged wrongful act. Moreover, Plaintiff's allegations of any wrongful acts consist primarily of copying the statutory language under each of his claims with little to no facts offered in support. Plaintiff categorizes the Defendants and then proceeds to refer to all Defendants throughout the complaint with abbreviations. Plaintiff then alleges all of the Defendants committed all of the alleged violations in the complaint. In some instances, the complaint refers to the abbreviated entities "DCI, ICSI, CRM" which do not appear to be in reference to any parties to this case. [Doc. No. 1 at ¶¶ 76, 105, 137.] Plaintiff's generalized allegations do not provide the Defendants with fair notice as to the basis of Plaintiff's claims because Defendants and the Court cannot determine which Defendants are responsible for which act. "Experience teaches that, unless cases are pled clearly and

precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted).

By submitting imprecise and sprawling claims, Plaintiff effectively "calls on the court to disentangle and interpret his allegations." *Kuzmicki v. Hanrahan*, No. 3:17-CV-00342-RCJ-VPC, 2018 WL 2088745, at *6 (D. Nev. May 4, 2018), *report and recommendation adopted*, No. 3:17-CV-00342-RCJ-VPC, 2018 WL 3577246 (D. Nev. July 25, 2018). The Court is reluctant to do so. *See Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) ("[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange." (*Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226–27 (D. Haw. 1971)). Accordingly, Plaintiff's complaint is **DISMISSED with leave to amend** to plead more precisely and coherently which Defendants committed which acts that Plaintiff alleges were violations and sufficient facts in support of such allegations.

The Court reiterates that the purpose of Federal Rule of Civil Procedure 8, and its requirements that allegations be pled with sufficient specificity, is to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. FED. R. CIV. P. 8; *see Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)). Even if the Court were to "disentangle and interpret [Plaintiff's] allegations," *Kuzmicki*, 2018 WL 2088745, at *6, Plaintiff's allegations nevertheless fail under Rule 12(b)(6) as discussed below.

### A. The TCPA Violations

Plaintiff alleges violations of the TCPA against all of the credit bureau defendants. [Doc. No. 1 at 16–22.] Plaintiff mostly repeats statutory language under the TCPA and

5

refers to the credit bureau defendants' alleged actions against all consumers seemingly nationwide. The Court finds such portions of the complaint largely unnecessary and futile. As far as Plaintiff's allegations pertaining to him, as stated above, Plaintiff merely repeats the language under the TCPA and alleges the violations were committed by all of the credit bureau defendants generally. Plaintiff's complaint lacks any facts pertaining to the conduct of any specific credit bureau defendant and their actions against him which could result in a sufficient TCPA claim.

To successfully plead a TCPA claim, a plaintiff must allege defendant (1) called a cellular telephone number; (2) using an ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1); *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

To "make" a call under the TCPA the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *See Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877–79 (9th Cir. 2014). An ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Under 47 U.S.C. § 227(a)(1), an ATDS is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." An ATDS "need not actually store, produce, or, call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield*, 569 F.3d at 951. Courts in this district have taken two approaches when facing a motion to dismiss on the grounds that the allegations of use of an ATDS are insufficient. *See Maier v. J.C. Penney Corp.*, No. 13-CV-0163–IEG (DHB), 2013 WL 3006415 at *3 (S.D. Cal. June 13, 2013). Under the first approach, courts permit a plaintiff to make minimal allegations at the complaint stage, permitting discovery to proceed on the issue of ATDS, because the information is in the sole possession of the defendant. *Id.*, citing *In re Jiffy Lube Int'l Inc., Text Spam Litig.*,

847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012). Under the second approach, factual allegations beyond mere statutory language are required which may lead to the inference that an ATDS was used. *See Maier*, 2013 WL 3006415 at *3.

Plaintiff has failed to sufficiently allege that an ATDS was used or that there was a TCPA violation under either approach. Plaintiff's complaint simply parrots the statutory definition of an ATDS and other provisions of the TCPA, but the Defendants would have no way of determining if they have any information in their possession with respect to such calls with Plaintiff's conclusory and sweeping allegations. Plaintiff does not allege the phone number belonging to any of the credit bureau defendants was used to make the calls to him, the content of such calls, or any circumstances that could support an inference that the calls were placed with an ATDS or an artificial or prerecorded voice. Plaintiff's conclusory allegations fall short of what is required for plausibility. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's claims under the TCPA are **DISMISSED with leave to amend** for failure to state a claim.

### B. The FDCPA and Rosenthal Act Violations

Plaintiff alleges several violations of the FDCPA against all of the credit bureau defendants and violations of the Rosenthal Act against all of the Defendants. [Doc. No. 1 at 23–29, 36–37.]

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs. Inc.*, 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011).

The Rosenthal Act is the California state equivalent of the Fair Debt Collection Practices Act. *See* Cal. Civ. Code § 1788 *et seq*. The RFDCPA "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphel*, 681 F.3d 1097, 1100 (9th Cir. 2012). The

RFDCPA states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of the FDCPA. Cal. Civ. Code § 1788.17. To establish a violation of the RFDCPA, a plaintiff must show (1) the defendant was attempting to collect a "consumer debt," (2) the defendant was a "debt collector," (3) the plaintiff was a "debtor," and (4) the defendant's collection activities violated the FDCPA and thus the RFDCPA. *See* Cal. Civ. Code § 1788.17.

Plaintiff's FDCPA and Rosenthal Act claims fail for several reasons. First, Plaintiff states all Defendants are debt collectors, but fails to allege any facts to support such a conclusion. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff fails to provide any factual basis from which the Court could plausibly infer that the Defendants' principal purpose is the collection of debts or that either Defendant regularly collects or attempts to collect debts owed or due to another. Nor does Plaintiff provide facts to infer the alleged debt at issue was owed or due to another.

Plaintiff also fails to set forth any factual allegations to suggest that any Defendant engaged in conduct prohibited by the FDCPA or Rosenthal Act beyond mere conclusory allegations repeating the provisions under each statute. Again, because Plaintiff fails to identify which Defendants made which calls or any factual content of such calls the Defendants in this case would be unable to defend themselves as to Plaintiff's conclusory allegations. Defendants would be unable to determine whether or not calls were made at any unusual time or place, whether calls were made with the intent to annoy, abuse, or harass, or whether calls were made without meaningful disclosure of identity. Further, Plaintiff has not alleged any false, deceptive, or misleading representation was made by any of the Defendants in such calls.

Lastly, Plaintiff's allegations regarding the debt at issue are insufficient. A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out

8

of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Proving the existence of a "debt" is a "threshold" issue in every FDCPA action. *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). Here, Plaintiff first states that "[t]he same consumer business debt[s] allegedly owed to all of the defendant's [sic] herein arose out of a transaction that was primarily for personal, family, or household purposes." [Doc. No. 1 at ¶ 58.] Then, Plaintiff states the "alleged debt is not [his] consumer debt" [*Id.* at ¶ 103], and "an alleged non-existent consumer debt he never owed." [*Id.* at ¶ 125]. Plaintiff's allegations are contradictory and provide no factual basis to infer that the debt at issue was indeed an obligation arising out of a transaction primarily for personal, family, or household purposes as required under the FDCPA and Rosenthal Act.

Accordingly, Plaintiff's claims under the FDCPA and Rosenthal Act are **DISMISSED with leave to amend** for failure to state a claim.

### C. The FCRA Violations

Plaintiff alleges violations of the FCRA pursuant to 15 U.S.C. § 1681 against all of the Defendants except counts X and XI which he alleges against only the credit reporting agency defendants. [Doc. No. 1 at 30–34, 37–39.]

#### 1. § 1681s-2

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes duties on "furnishers" as well as imposing responsibilities on the consumer reporting agencies. *See* 15 U.S.C. § 1681s-2; *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Section 1681s-2 sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies.'"). Section 1681s-2(b) imposes obligations on furnishers that are "triggered 'upon notice of dispute' – that is, when a person who furnished information to a [consumer reporting agency] receives notice from the [consumer reporting agency] that the consumer disputes

the information." *Gorman*, 584 F.3d at 1154. Pursuant to section 1681s-2(b)(1), after receiving notice of a dispute, a furnisher must "conduct an investigation with respect to the disputed information" among other responsibilities. 15 U.S.C. § 1681s-2(b)(1)(A). "[T]hese duties arise only after the furnisher receives notice of dispute from a [consumer reporting agency]; notice of dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

The credit reporting agency defendants are not furnishers of information; rather, they are consumer reporting agencies as defined by § 1681a(f) of the FCRA. Accordingly, Plaintiff's claims under § 1681s-2 of the FCRA as to the credit reporting agency defendants Trans Union, LLC and Experian Information Solutions Inc. are **DISMISSED with prejudice**. As to the credit bureau defendants, Plaintiff alleges he sent notices of disputes to all of the named Defendants but does not allege sufficient facts to support an inference that any of the Defendants received a notice of dispute from a credit reporting agency as required. Accordingly, Plaintiff's claims under § 1681s-2(b) are **DISMISSED with leave to amend** for failure to state a claim. Section 1681s-2(a) also imposes duties upon furnishers of information. However, there is no private right of action under section 1681s-2(a); a violation of this section can be pursued only by federal or state officials, and not by a private party. *See* 15 U.S.C. § 1681s-2(c)(1); *Gorman*, 584 F.3d at 1162. Accordingly, Plaintiff's claims under 15 U.S.C. § 1681s-2(a) are **DISMISSED with prejudice**.

### 2. § 1681b

"The FCRA imposes civil liability on any person who obtains a consumer report for an impermissible purpose." *Thomas v. Fin. Recovery Servs.*, No. EDCV 12-1339 PSG (Opx), 2013 WL 387968, at *3 (C.D. Cal. Jan. 31, 2013); *see also* 15 U.S.C. § 1681b. Thus, to survive a motion to dismiss on a section 1681b claim, "the plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue." *Thomas*, 2013 WL 387968 at *4. "[B]are allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient." *Id*. "Merely reciting each of the permissible

circumstances and denying that they apply is similarly inadequate." *Id*.

Here, Plaintiff fails to allege sufficient facts to support a reasonable inference that any Defendant obtained his consumer report for an impermissible purpose. Plaintiff merely alleges the Defendants did not have a permissible purpose because he never had any business dealings or accounts with defendants. "However, a credit report can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA." *Jones v. Best Serv. Co.*, No. CV 14-9872 SS, 2017 WL 490902, at *8 (C.D. Cal. Feb. 6, 2017); *see also Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 n.7 (N.D. Cal. May 5, 2003) (noting that "section 1681b does not appear to require the existence of a debtor-creditor relationship for a party to lawfully acquire a consumer report"). Plaintiff's complaint "offers no factual basis to infer what purpose—permissible or impermissible—[defendants] had in making" inquiries on his credit report, and therefore it does not allege a plausible claim that defendants' purposes for obtaining his credit report were impermissible. *Perez v. Portfolio Recovery Assocs., LLC*, No. CIV. 12-1603 JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012); *see also Twombly*, 550 U.S. at 570. Accordingly, Plaintiff's claims under § 1681b are **DISMISSED with leave to amend** for failure to state a claim.

### 3. §§ 1681e and 1681i

15 U.S.C. § 1681e provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Pursuant to 15 U.S.C. § 1681i, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or

reseller. 15 U.S.C. § 1681i(a)(1)(A).

Both provisions require Plaintiff to make a prima facie showing of inaccurate reporting. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)) (addressing § 1681i); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)) (addressing §1681e(b)). "[A]n item on a credit report can be 'incomplete or inaccurate' . . . 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho*, 629 F.3d at 890 (quoting *Gorman*, 584 F.3d at 1163 (9th Cir. 2009)).

Plaintiff vaguely alleges that the credit reporting agency defendants failed to delete inaccurate information on his credit report but fails to allege what account(s) or what information was inaccurate. Plaintiff also fails to allege when and how he notified the credit reporting agency defendants of any specific inaccuracy. Plaintiff's allegations are devoid of any factual basis to support an inference that the credit reporting agency defendants reported any specific inaccurate information or failed to use reasonable procedures to assure the accuracy of information contained in his credit report. Accordingly, Plaintiff's claims under §§ 1681e and 1681i are **DISMISSED with leave to amend** for failure to state a claim.

### D. The CCRAA Violations

Plaintiff alleges violations of the CCRAA against all of the Defendants but fails to cite to any specific provision under the CCRAA. [Doc. No. 1 at 34–36.]

The CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). In order to state a claim for violation of the CCRAA, the plaintiff must demonstrate "that an actual inaccuracy exist[s]." *Carvalho*, 629 F.3d at 890. Information is inaccurate if it is "patently incorrect" or "misleading in such a way and to such an extent that it can be

12

expected to adversely affect credit decisions." *Id*. at 891. Because the CCRAA is "substantially based on the federal Fair Credit Reporting Act ("FCRA"), judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions. *Id*. at 889 (citations omitted).

As discussed above, Plaintiff fails to allege what account(s) or what information, if any, was inaccurate. Plaintiff presents no facts alleging when and how he notified each of the Defendants or what if any specific inaccuracy. Plaintiff's allegations are devoid of any factual basis to support an inference that the Defendants reported any specific inaccurate information or failed to use reasonable procedures to assure the accuracy of information contained in his credit report. Accordingly, Plaintiff's claims under the CCRAA are **DISMISSED with leave to amend** for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's complaint. Plaintiff's claims under § 1681s-2 of the FCRA as to the credit reporting agency defendants Trans Union, LLC and Experian Information Solutions Inc. and Plaintiff's claims under 15 U.S.C. § 1681s-2(a) as to all Defendants are **DISMISSED with prejudice.** Plaintiff's remaining claims are **DISMISSED with leave to amend**. Plaintiff is cautioned that if his First Amended Complaint does not cure the deficiencies identified in this Order, his claims may be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed within **thirty (30) days** of this Order.

It is **SO ORDERED**.

Dated: September 30, 2019

Hon. Cathy Ann Bencivengo
United States District Judge