**FILED**

Oct 8 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ anthonyh _____ DEPUTY

1   Eric Caruso
    1641 Borden Road Apt B7
2   Escondido, CA 92026-2134
    Ph: 760-334-2365
3   carusoeric@gmail.com

4   Plaintiff In Pro Se

5

6

7               **IN THE UNITED STATES DISTRICT COURT**

8               **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  **ERIC CARUSO**,                      ) Case No. 3:19-CV-1224-CAB-AHG
                                          )
11          Plaintiff,                    ) **PLAINTIFF ERIC CARUSO'S**
                                          ) **1ST AMENDED COMPLAINT FOR**
12  vs.                                   ) **DAMAGES AND INJUNCTIVE**
                                          ) **RELIEF PURSUANT TO**
13  **PORTFOLIO RECOVERY**                )
    **ASSOCIATES, INC**.                  )
14  a professional consumer debt collection agency, )**1)** VIOLATIONS OF FEDERAL FAIR
    **HUNT & HENRIQUES**                  )     CREDIT REPORTING ACT;
15  a professional consumer debt collection agency, )
    **MERCANTILE ADJUSTMENTS**            )**2)** VIOLATIONS OF CALIFORNIA'S
16  **BUREAU,**                           )     CONSUMER CREDIT
    a professional consumer debt collection agency, )     REPORTING AGENCIES ACT;
17  **MRS BPO L.L.C.,**                   )
    a professional consumer debt collection agency, )**3)** VIOLATIONS OF FEDERAL
18                                        )     FAIR DEBT COLLECTION
            Defendants.                   )     PRACTICES ACT;
19                                        )
                                          )**4)** VIOLATIONS OF CALIFORNIA'S
20                                        )     ROSENTHAL FAIR DEBT
                                          )     COLLECTION PRACTICES ACT;
21                                        )
                                          )**5)** DECLARATORY RELIEF.
22                                        )
                                          ) **DEMAND FOR JURY TRIAL**
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          ) Complaint Filed: July 01, 2019
27                                        ) Trial Date:       To Be Determined
                                          ) Hon. Judge Cathy Ann Bencivengo
28

# 1ˢᵀ AMENDED COMPLAINT

This action is brought by Plaintiff ERIC CARUSO [hereinafter "Plaintiff"] hereby proceeding In Pro Se without federal council against all named Defendant's for violations of the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [ California Civil Code §1785.2 et seq.] ("CCRAA"), and for numerous statutory violations of the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FRDCPA"), and for violations of California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA") against select Defendants.

## PRELIMINARY STATEMENT

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting". FCRA provides several protections for consumers, including but not limited to right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit files.

2. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations of furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumers pertaining to furnished information.

3. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit, and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25 - 1785.26 refrains furnishers of information from reporting

information that they know or should have known was erroneous, and obligates
furnishers to cease credit reporting of information disputed by consumers who have
previously supplied these same furnishers of information notice of such dispute.

4.   CCRAA provides consumers with the right to be informed of negative
credit reporting and the right to dispose of information in their credit reports, which
they believe is incomplete and/or inaccurate. Consumers also have the right to bring
civil action against violators of any provision of the CCRAA with respect to their
rights and their credit, and to seek monetary damages. California Civil Code
§17885.19 and §1785.31. The FDCPA regulates the behavior of **collection agencies
attempting to collect debt on behalf of another.** [emphasis added]

5.   The United States Congress has found abundant evidence of the use of
abusive, deceptive, and unfair debt collection practices by many collectors, and has
determined that abusive debt collection practices contribute to a number of personal
bankruptcies, marital instability, loss of jobs, and invasion of individual privacy.

6.   Congress enacted the FDCPA to eliminate abusive debt collection
practices by debt collectors, and to promote uniform State action to protect
consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

7.   The FDCPA is a strict liability statute, which provides for actual or
statutory damages upon the showing of one violation. The Ninth Circuit has held
that whether a debt collector's conduct violates the FDCPA should be judged from
the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp.,
677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc.
869 F.2d 1222, 1227 (9th Cir. 1988)]. This objective standard "ensure[s] that the
FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant,
the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19
(2nd Cir. 1993)].

**8.** To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct 15 U.S.C. §1692e(1)-(16).

**9.** To prevent and prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of abusive collection conduct. 15 U.S.C. §1692(1)-(6). Among these per se violations prohibited by this section are: any collection activities and the placement of un-verified or un-validated negatively reported "Errant Trade Lines" upon Plaintiff's credit files or the intended or un-intended threat of doing so.

**10.** The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgement judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, or attorney of the creditor, or the attorney of the debt collector.

**11.** The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that banking and credit system and grantors of credit to consumers are dependant upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that the debt collectors exercise their responsibility with fairness, honest, and due regard for the debtor's rights and that the debt collector must be prohibited from engaging in unfair or deceptive acts or practices.

# I. JURISDICTION AND VENUE

**12.** Jurisdiction of the Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

**13.** Supplemental jurisdiction rests upon 28 U.S.C. §1367.

**14.** Venue is proper in this United States Court , Southern District of California because all of Defendant's violations alleged below occurred in the County of San Diego, State of California and within this District.

# II. PRIVATE RIGHT TO ACTION

**15.** FCRA sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In *DiMezza* v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [FCRA sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

**16.** *Gorman* v. MBNA America Bank, N.A., No. 06-17226 further established Private Remedy Against Furnishers by consumers and FCRA Section §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made the initial disputes with the credit reporting agencies.

**17.** California Civil Code §1785.15(f) expressly states that consumers "have the right to bring civil action against anyone [...] who improperly obtains access to a file, knowingly or willfully misuses file date, or fails to correct inaccurate file data" concerning a consumer's credit report. Plaintiff has further right to action pursuant to California Civil Code §1785.31(a), which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

18.   *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal App. 2d Dist. Jan 26, 2009) established that consumers may re-plead their FCRA claims as violations of the CCRAA and that the State claims are not preempted by the FCRA. In further support, courts have uniformly rejected creditor's and consumer reporting agencies arguments that the FCRA bars State law claims. See *Sehl* v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F.Supp. 294 (U.S.D.C. S.D. Mich 1995) *Rule* v. Ford Receivables, 36F.Supp.2d 335 (U.S.D.C. S.D. Va, 1999); *Watkins* v. Trans Union, 118 F. Supp. 2d 1217 (U.S.D.C. N.D. Ala 2000); *Swecker* v. Trans Union, 31 F. Supp. 2d 536 (U.S.D.C. E.D. Va. 1998) *Saia* v. Universal Card Svc., 2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); *Sherron* v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); *Hughes* v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

19.   15 U.S.C. §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum-."

20.   California Civil Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

# III.   THE PARTIES

21.   Plaintiff ERIC CARUSO is a natural person residing in North San Diego County, State of California.

22.   Plaintiff is a consumer as defined by 15 U.S.C. §1681a(c) and California Civil Code §1785.3(b).

23.   Defendant PORTFOLIO RECOVERY ASSOCIATES, INC., is a at all times relevant is a limited liability professional *debt collection firm* in the business of collecting debts in San Diego County, California operating from an address at 120 Corporate Blvd. Suite 100, Norfolk, Virginia, 23502.

**24.** Defendant HUNT & HENRIQUEZ., is a at all times relevant is a limited liability company, *attorney staffed,* professional *debt collection firm* in the business of collecting debts in San Diego County, California operating from an address at 151 Bernal Road, Suite 8, San Jose, CA 95119-1306.

**25.** Defendant MERCANTILE ADJUSTMENTS BUREAU, is a at all times relevant is a limited liability professional *debt collection firm* in the business of collecting debts in San Diego County, California operating from an address at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York, 14221.

**26.** Defendant MRS BPO L.L.C., is a at all times relevant is a limited liability professional *debt collection firm* in the business of collecting debts in San Diego County, California operating from an address at 1930 Olney Avenue, Cherry Hill, New Jersey, 08003.

**27.** Defendant's PORTFOLIO RECOVERY ASSOCIATES, INC., (hereinafter "PRAI") HUNT & HENRIQUEZ, (hereinafter "H&H") MERCANTILE ADJUSTMENTS BUREAU (hereinafter "MAB") and MRS BPO L.L.C. for purposes of pleading simplicity will refer to all [4] of these above-named professional consumer debt collection Defendant's [hereinafter as "Defendant's"].

**28.** *Wherever it is necessary* during his moving pleadings in Plaintiff's 1st Amended Complaint to articulate or more clearly express to this Court each individual above-named Defendant's illegal debt collection activities further, Plaintiff will do so with individualized allegations spelling each Defendant out individually and with more accuracy.

**29.** Defendant's and each one of them is a person as defined in 15 U.S.C. §1681a(b) and California Civil Code §1785.3(j).

**30.** Defendant's and each one of them is a furnisher of information within the meaning of 15 U.S.C. §1681-s2.

**31.** Defendant's are each a debt collector as defined by 15 U.S.C. §1692a(6) and California Civil Code §1788.2(c).

**32.**   Defendant's acted through their agents, employees, directors, contractors and other authorized parties acting with the course and scope of their employment or agency and under the direct supervision and control of each respective Defendant.

## IV.  FACTS COMMON TO ALL COUNTS

**33.**   In or around September of 2018, Plaintiff who is not a minor, checked his credit report from the three national credit reporting agencies, Experian, Equifax and TransUnion (collectfully "CRA's") and discovered multiple credit accounts reported by Defendant **PRAI:**

> **1)** [Creditor Account #5121072333106021]
> [original alleged creditor "CITIBANK, N.A." for $2,132.85];

> **2)** [Creditor Account #4128003500710077]
> [original alleged creditor "CITIBANK, N.A." for $1,113.85]
> [Reference No. 745083];

in negative status. These credit accounts were unfamiliar to Plaintiff, as he did not recall ever opening them and he was never informed by the furnishers of their negative credit reporting.

**34.**   In or around September of 2018, Plaintiff who is not a minor, checked his credit report from the three national credit reporting agencies, Experian, Equifax and TransUnion (collectfully "CRA's") and discovered multiple credit accounts reported by Defendant **H&H:**

> **1)** [Creditor Account #5121072333106021]
> [original alleged creditor "CITIBANK, N.A." for $2,132.85];

> **2)** [Creditor Account #4128003500710077]
> [original alleged creditor "CITIBANK, N.A." for $1,113.85]
> [Reference No. 745083];

in negative status. These credit accounts were unfamiliar to Plaintiff, as he did not recall ever opening them and he was never informed by the furnishers of their negative credit reporting. Defendant H&H *as professional consumer debt collection attorneys* later *sued* Plaintiff in California State Court *without properly serving or*

1  *informing* Plaintiff at all about any of their illegal debt collection efforts and illegally

2  obtained a bogus judgement in the Los Angeles Superior State Court action.

3      **35.**  In or around September of 2018, Plaintiff who is not a minor, checked

4  his credit report from the three national credit reporting agencies, Experian, Equifax

5  and TransUnion (collectfully "CRA's") and discovered a credit account

6  reported by Defendant **MAB:**

7        **1)** [Creditor Account Number XXX-XXX-2260]
        [Reference Number 28511933KOH]

8          [original alleged creditor "CAPITOL ONE, N.A."for $1,601.24];

9

10  in negative status. These credit accounts were unfamiliar to Plaintiff, as he did not

11  recall ever opening them and he was never informed by the furnishers of their

12  negative credit reporting.

13      **36.**  In or around September of 2018, Plaintiff who is not a minor, checked

14  his credit report from the three national credit reporting agencies, Experian, Equifax

15  and TransUnion (collectfully "CRAs") and discovered a credit account

16  reported by Defendant **MRS BPO L.L.C.:**

17        **1)** [Creditor Account Number xxxxxxxxxxxx4293]
        [MRS ACCT#LU4.**4408336**]

18          [original alleged creditor "CHASE BANK USA, N.A." for $1,401.69];

19  in negative status. These credit accounts were unfamiliar to Plaintiff, as he did not

20  recall ever opening them and he was never informed by the furnishers of their

21  negative credit reporting.

22      **37.**  On September 11, 2018 Plaintiff contacted the CRAs and disputed all of

23  the unknown credit account reported by the Defendant's identified in the-above

24  paragraph's 33, 34, 35 & 36, pursuant to 15 U.S.C. §1681s-2(b). On or about

25  September 08, 2018, directly following his credit bureau disputes, Plaintiff sent

26  letters to these Defendant's, in which he requested documentation substantiating the

27  existence, ownership and accuracy of the accounts reported by each of them,

28  otherwise their immediate and permanent deletion from his credit file.

38.   Upon receipt of Plaintiff's disputes, Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. each continued to report the disputed accounts to the CRAs, without notice that the accounts had been disputed by Plaintiff, all throughout the supposed investigation period and thereafter. They further failed to properly address Plaintiff's direct disputes with them and failed to provide for his requested account-level verification and validation for the disputed accounts.

39.   All during the following months of October thru December of 2018, and January thru June of 2019 Plaintiff followed up with Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. and **each** one of them on multiple occasions, re-submitting and re-disputing his requests and demanding deletion of the unverified accounts due to a complete lack of verification, but **each** of his correspondences went completely unanswered or were improperly handled and responded to. At the time, during a credit revue of his updated credit records, Plaintiff also learned that Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. had reported charged-off accounts to his credit file, without prior notice of the debts or of the negative credit reporting.

40.   In or around the middle of September 2018 Plaintiff contacted the CRAs with dispute of the accounts negatively reported by Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. as not his, since he did not agree with their alleged debts. Following his submission of a credit dispute of the Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. Plaintiff contacted Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. via US certified mail and also with each individual communication enclosed a 2nd page or debt/account demand for account level verification/validation to Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. totally failed to answer to Plaintiff's debt/account verification/validation requests, failed to cease and desist all collection activity and false credit reporting as leverage to obtain payment of a debt Plaintiff **never owed any of them**, upon receipt of Plaintiff's disputes, and failed to inform the CRAs that the accounts were in dispute.

41.   During almost all of the ensuing months Plaintiff sent multiple further follow ups to Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. directly from his home/office, but all of his correspondences proved unsuccessful in attaining any of the Defendant's cooperation.

42.   Regardless of Plaintiff's attempts to seek Defendant's cooperation, Defendant's and each one of them continuously failed to answer back to Plaintiff with appropriate account-level proof of investigation and verification of the information in dispute and failed to take corrective action.

43.   To date, all named Defendant's continue to report the un-validate and unverified accounts on Plaintiff's credit records.

44.   The inaccurate erroneously reported accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact his creditworthiness and financial standing.

45.   Plaintiff has suffered financial and emotional distress as a result fo Defendant's numerous illegal violations, which include but are limited by the following:

a.   Actual damages arising from monetary losses related to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest and finance charges;

b.   Out of pocket expenses associated with communicating with Defendant's, disputing and re-disputing the errantly reported credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process;

c.   Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown ;

d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or fair housing on future attempts.

# COUNT 1
## Violations of FCRA
## Against All Defendants

**46.**   Plaintiff repeats and reincorporates by reference the above paragraphs.

**47.**   Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. knowingly and willingly willfully violated the FCRA. Defendant's violations include, but are not limited to the following:

a.   Furnishing innacurate/unverified information to the CRAs in violation of 15 U.S.C. §1681s-2(b) and 15 U.S.C. §1681s-2(a);

b.   Failing to inform Plaintiff about negative credit reporting made on his credit reports prior to or within [5] five days of furnishing a collection account to the CRAs, in violation of 15 U.S.C. §1681s-2(a)(7)(A);

c.   Failing to conduct proper investigations of disputed information upon receipt of Plaintiff's multiple disputes in violation of 15 U.S.C. §1681s-2(a)(8)(E);

d.   Verifying disputed accounts with the CRAs prior to conducting thorough investigation and without having substantiating support for such verifications;

e.   Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of 15 U.S.C. §1681s-2(a)(3);

f.   Continuing to report unverified and un-validated information to the CRAs after lack of response and verification;

## FCRA § 605B (15 U.S.C. § 1681c-2)

(a) Block. Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
(1) appropriate proof of the identity of the consumer;
(2) a copy of an identity theft report;
(3) the identification of such information by the consumer; and
(4) a statement by the consumer that the information is not information relating to any transaction by the consumer.
(b) Notification. A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under
subsection (a) of this section—
(1) that the information may be a result of identity theft;
(2) that an identity theft report has been filed;

(3) that a block has been requested under this section; and

(4) of the effective dates of the block.

(c) Authority to decline or rescind.

(1) In general. A consumer reporting agency may decline to block, or may rescind any block, of information relating to a consumer under this section, if the consumer reporting agency reasonably determines that—

(A) the information was blocked in error or a block was requested by the consumer in error;

(B) the information was blocked, or a block was requested by the consumer, on the basis of a material misrepresentation of fact by the consumer relevant to the request to block; or

(C) the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions.

(2) Notification to consumer. If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly, in the same manner as consumers are notified of the reinsertion of information under section 1681i(a)(5)(B) of this title.

(3) Significance of block. For purposes of this subsection, if a consumer reporting agency rescinds a block, the presence of information in the file of a consumer prior to the blocking of such information is not evidence of whether the consumer knew or should have known that the consumer obtained possession of any goods, services, or money as a result of the block.

(d) Exception for resellers.

(1) No reseller file. This section shall not apply to a consumer reporting agency, if the consumer reporting agency—

(A) is a reseller;

(B) is not, at the time of the request of the consumer under subsection (a) of this section, otherwise furnishing or reselling a consumer report concerning the information identified by the consumer; and

(C) informs the consumer, by any means, that the consumer may report the identity theft to the Bureau to obtain consumer information regarding identity theft.

(2) Reseller with file. The sole obligation of the consumer reporting agency under this section, with regard to any request of a consumer under this section, shall be to block the consumer report maintained by the consumer reporting agency from any subsequent use, if—

(A) the consumer, in accordance with the provisions of subsection (a) of this section, identifies, to a consumer reporting agency, information in the file of the consumer that resulted from identity theft; and

(B) the consumer reporting agency is a reseller of the identified information.

(3) Notice. In carrying out its obligation under paragraph (2), the reseller shall promptly provide a notice to the consumer of the decision to block the file. Such notice shall contain the name, address, and telephone number of each consumer reporting agency from which the consumer information was obtained for resale.

(e) Exception for verification companies. The provisions of this section do not apply to a check services company, acting as such, which issues authorizations for the purpose of approving or processing negotiable instruments, electronic fund transfers, or similar methods of payments, except that, beginning 4 business days after receipt of information described in paragraphs (1) through (3) of subsection (a) of this section, a check services company shall not report to a national consumer reporting agency described in section 1681a (p) of this title, any information identified in the subject identity theft report as resulting from identity theft.

(f) Access to blocked information by law enforcement agencies. No provision of this section shall be construed as requiring a consumer reporting agency to prevent a Federal, State, or local law enforcement agency from accessing blocked information in a consumer file to which the agency could otherwise obtain access under this subchapter.

**WHEREFORE,** Plaintiff respectfully requests judgement be entered against Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. for the following:

a) Declaratory judgement that the Defendant's illegal conduct violated 15 U.S.C. §1681s-2 *et seq.*

b) Statutory damages of $1,000.00 for **each** violation pursuant to 15 U.S.C. §1681s-2 *et seq.*

c) Costs and reasonable attorneys fees pursuant to §1681s-2 *et seq.*

d) Any other relief that this honorable Court deems appropriate.

## COUNT II
## Violations of CCRAA
## Against All Defendants

**48.** Plaintiff repeats and reincorporates by reference the above paragraphs.

**49.** Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. knowingly and willfully violated CCRAA. Defendant's violations include but are not limited to the following:

a.   Submitting negative credit information to Plaintiff's credit report with the CRAs without notifying the Plaintiff in violation of California Civil Code §1785.26(b);

b.   Continuing to report the account to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff in violation of California Civil Code §1785.25(c);

c.   Failing to acknowledge Plaintiff's demands and re-demands for investigation and re-investigations and correction of information furnished to the CRA's, following Plaintiff's receipt of CRAs investigation and re-investigation results in direct violation of California Civil Code §1785.30.

**50.** Each of the Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiffs consumer credit reports. Plaintiff hereby alleges that each of the Defendant's policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each Defendant knows of the effect's of their conclusive policies and practices.

**51.** As a proximate result of the willful and negligent actions of the Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the [ CCCRAA ] California Consumer Credit Reporting Agencies Act pursuant to California Civil Code §1788 *et seq.*

**WHEREFORE,** Plaintiff respectfully requests judgement be entered against Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. for the following:

a) Declaratory judgement that the Defendant's illegal conduct violated **[CCCRAA]California Consumer Credit Reporting Agencies Act.**

b) Statutory damages of $1,000.00 for **each** violation pursuant to the **[CCCRAA] California Consumer Credit Reporting Agencies Act.**

c) Costs and reasonable attorneys fees pursuant to [ CCCRAA ] California Consumer Credit Reporting Agencies Act.

d) Any other relief that this honorable Court deems appropriate.

### COUNT III
### Violations of FDCPA
### Against All Defendants

**52.** Plaintiff repeats and reincorporates by reference the above paragraphs.

**53.** Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. knowingly and willingly violated the FDCPA by:

a.   Failing to provide dunning notice of debt and a written notice of Plaintiff's right to request account level validation and verification of the debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

1        b.    Failing to cease and desist all collection activities and continuing to make

2 illegal collection efforts on the alleged debts without properly responding to

3 Plaintiff's numerous verification and validation requests pursuant to 15 U.S.C.

4 §1692g(b);

5        c.    Failing to properly verify and validate the alleged debt pursuant to

6 15 U.S.C. §1692g(b);

7        d.    Using false representations and deceptive means to collect or attempt to

8 collect the alleged debt pursuant to 15 U.S.C. §1692e;

9        e.    Using unfair or unconscionable means to collect or attempt to collect an

10 alleged debt never owed to them pursuant to 15 U.S.C. §1692f;

11      **54.** Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

12 §1692a(3). Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. are all debt

13 collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

14      **55.** Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. are all

15 professional debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

16      **56.** All Defendants violated the FDCPA. Defendant's violations include, but

17 are not limited to, the following:

18      a.    Defendants violated 15 U.S.C. §1692e(2) by falsely representing the

19 character, amount, or legal status of a debt never owed to them.

20 Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including

21 any interest, fee, charge, or expense incidental to the principal obligation) unless

22 such amount is expressly authorized by the agreement creating the debt or permitted

23 by law.

24      b.    Defendants continued collection activity after receiving notice of dispute,

25 and failed to provide written validation of debt before resuming collection activities,

26 in violation of 15 U.S.C.§2042g(b).

27      **WHEREFORE,** Plaintiff respectfully requests judgement be entered

28 against Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. for the following:

a) Declaratory judgement that the Defendant's illegal conduct violated 15 U.S.C. §1692 et seq. of the Federal Fair Debt Collection Practices Act;

b) Statutory damages of $1,000.00 for **each** violation pursuant to 15 U.S.C. §1692 et seq. of the Federal Fair Debt Collection Practices Act;

c) Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692 et seq. of the Federal Fair Debt Collection Practices Act;

d) Any other relief that this honorable Court deems appropriate.

### COUNT IV
### Violations of RFDCPA
### Against All Defendants

57. Plaintiff repeats and reincorporates by reference the above paragraphs.

58. Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. knowingly and willingly violated the RFDCPA by:

a. By using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b. By using unfair and/or unconscionable means to collect alleged debts purchased from other third party creditors pursuant to California Civil Code §1788.17;

WHEREFORE, Plaintiff, respectfully requests judgment be entered against Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. for the following:

60. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788.30(b);

61. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and;

62. Any other relief that this Honorable Court deems appropriate.

///
///
///
///

## COUNT V
### Declaratory Relief
### Against All Defendants

**59.** Plaintiff repeats and reincorporates by reference the above paragraphs.

**60.** Plaintiff requests judgement in his favor and against the Defendant's for:

**1.** Actual damages, per 15 U.S.C. §1681n(a)(1)(A) and/or California Civil Code §1785.31(a)(2)(A) against all Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. and per 15 U.S.C. §1692k(a)(1) and/or California Civil Code §1788.17.

**2.** Statutory damages, per 15 U.S.C. §1681n(a)(1)(A) and/or California Civil Code §1785.19(a) against all Defendant's; as per 15 U.S.C. §1692k(a)(2) and/or California Civil Code 1788.30(b) against all Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. inclusively.

**3.** Costs and reasonable attorney's fees, per 15 U.S.C. §1681n(c) and/or California Code of Civil Procedure §490.020 against all Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. inclusively.

**4.** Punitive damages, per 15 U.S.C. §1681n(a)(2) and California Civil Code §1785.31(a)(2)(B), as this honorable Court may allow.

**5.** Injunctive relief, per California Civil Code §1785.31(b), ordering Defendant's delete the reporting of the un-validated and unverified accounts.

**6.** Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202.

**7.** Any other relief, as this Honorable Court deems appropriate.

Dated this ⟋7ᵗʰ⟍ day of October 2019

Respectfully submitted,
By *Eric C. Caruso*
Eric Caruso
1641 Borden Road Apt B7
Escondido, CA 92026-2134
Ph: 760-334-2365
carusoeric@gmail.com
Plaintiff In Pro Se

# VI.  VERIFICATION

**61.**  I am the Plaintiff in the above-entitled action. I have read the foregoing 1st Amended Complaint and know the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

**62.**  I declare under the penalty of perjury under the laws of the State of California that all of the foregoing is true and correct.

Executed: October 07, 2019                    By:  _Eric C. Caruso_

                                                                Eric Caruso
                                                                1641 Borden Road Apt B7
                                                                Escondido, CA 92026-2134
                                                                Ph: 760-334-2365
                                                                carusoeric@gmail.com
                                                                Plaintiff In Pro Se

# CERTIFICATE OF SERVICE

**63.** I, ROY TUCK, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served Defendant's PRAI, H&H, MAB and MRS BPO L.L.C. the following documents:

- **PLAINTIFF ERIC CARUSO'S 1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**64.** To be served upon the party listed below via the USPS: by placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

### 1. *Attorney for Defendant Portfolio Recovery Associates L.L.C.,*

MICHAEL R. SIMMONDS [SBN 96238]
msimmonds@snllp.com
MARGARET T. CARDASIS (SBN 332167)
mcardasis@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

### 2. *Attorney for Defendant Hunt & Henriquez,*

Kurtiss Anthony Jacobs
Hunt & Henriques
151 Bernal Road #8
San Jose, CA 95119-1306
408-362-2270 x1106
Fax: 408-362-2299
Email: kjacobs@hunthenriques.com

### 3. *Attorney for Defendant ,Mercantile Adjustments Bureau,*

**Debbie P Kirkpatrick
Sessions Fishman Nathan and Israel
1545 Hotel Circle South
Suite 150
San Diego, CA 92108
(619)758-1891
Fax: (619)296-2013
Email: dkirkpatrick@sessions.legal**

1    **4. _Attorney for Defendant MRS BPO L.L.C.,_**

2    Christopher D Holt
     Klinedinst PC
3    5 Hutton Centre Drive
     Suite 1000
4    Santa Ana, CA 92707
     (714)542-1800
5    Fax: (714)542-3592
     Email: cholt@klinedinstlaw.com
6
7    Executed on this $7th$ day of October 2019 by
                                                    ROY TUCK
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28