HUNT & HENRIQUES, Attorneys at Law
Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill # 266038
151 Bernal Road Suite 8
San Jose CA 95119-1306
Telephone: (408) 362-2270
Facsimile: (408) 362-2299

Attorneys for Hunt & Henriques
File No. 1338600

United States District Court

Southern District of California

| | |
|---|---|
| Eric Caruso, | Case no. 19-cv-1224 CAB LL |
| Plaintiff, | Hunt & Henriques's Answer to First Amended Complaint |
| vs. | |
| Cavalry Portfoilo Svcs, Portfoilo Recovery, Hunt & Henriques, Mercantile Adjustments Bureau, ARS National Services Inc., MRS BPO L.L.C., Trans Union LLC, Experian Information Solutions Inc., Equifax information Services LLC, And DOES 1-10, | |
| Defendants. | |

Hunt & Henriques (H&H) answers the First Amended Complaint as follows:

## Preliminary statement

1. The Fair Credit Reporting Act is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H

1

objects and stands on the law as enacted.

2. The Fair Credit Reporting Act is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

3. The California Credit Reporting Agency Act is a state law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

4. The California Credit Reporting Agency Act is a state law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted

5. 15 Unites States Code § 1692 *et seq.* is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted. Notwithstanding these objections, H&H admits and emphasizes plaintiff's allegation at 4:13:14 that the FDCPA's second purpose is "to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged"—and yet when a debt collector such as H&H refrains from using abusive debt collection practices and in fact spends extraordinary amounts of time and money complying with the statute and avoiding violations yet is nevertheless sued without cause and forced to incur

2

unrecoverable (*see* 15 USC § 1692k) defense costs, that collector is competitively disadvantaged.

6. 15 Unites States Code § 1692 *et seq.* is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted. Notwithstanding these objections, H&H admits and emphasizes plaintiff's allegation at 4:13:14 that the FDCPA's second purpose is "to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged"—and yet when a debt collector such as H&H refrains from using abusive debt collection practices and in fact spends extraordinary amounts of time and money complying with the statute and avoiding violations yet is nevertheless sued without cause and forced to incur unrecoverable (*see* 15 USC § 1692k) defense costs, that collector is competitively disadvantaged.

7. Deny that the FDCPA is a strict liability statute; in fact, 15 USC § 1692k codifies a good-faith immunity to liability.

8. 15 Unites States Code § 1692e is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

9. 15 Unites States Code § 1692d is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

Hunt & Henriques's Answer to First Amended Complaint

10. 15 Unites States Code § 1692c is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

11. The California Rosenthal Fair Debt Collection Practices Act is a state law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted. Nothwithstanding these objections, H&H observes and points out that at 6:15-17, plaintiff has misrepresented the law by stating only that "the Legislature has further determined that there is a need that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights"; whereas Civil Code § 1788.1(a)(2) actually states (bold added), "The Legislature makes the following findings: There is need to ensure that debt collectors **and debtors** exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other"; whereas by omitting the reciprocity expressly stated in this law, plaintiff has abdicated his responsibility.

## I. Jurisdiction and venue

12. Deny. Jurisdiction of this court arises under 28 U.S.C. § 1331, as disputed allegations arising under 15 USC § 1692 present federal questions.

13. Admit.

14. Admit.

## II. Private right to action

15. 15 Unites States Code § 1681 is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form

Hunt & Henriques's Answer to First Amended Complaint

other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted. As a general proposition, H&H admits that § 1681 confers a private right of action under some circumstances. H&H affirmatively alleges that § 1681o states *verbatim*: "(b) ATTORNEY'S FEES On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." Object to plaintiff's recitation that § 1681n and § 1681o create a private right of action as irrelevant, as plaintiff has alleged only a violation of § 1681s-2 that does *not* provide a private right of action.

16. Deny. The cited case speaks for itself and is distinguishable on its facts from this action.

17. California Civil Code §§ 1785.15 and 1785.31 are state laws and thereby speak for themselves. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

18. Deny. The cited cases speak for themselves and are distinguishable on their facts from this action.

19. 15 Unites States Code § 1692 is a public law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted. H&H further notes that the allegation appears to be truncated and that as written, it says nothing.

20. Civil Code § 1788.30 is a state law and thereby speaks for itself. To the extent that plaintiff purports to represent the law's substance in any form other than quoting the law, H&H objects and stands on the law as enacted. To the extent that plaintiff purports to summarize the law, H&H objects and stands on the law as enacted.

### III. The parties

21. On information and belief, admit.

22. Admit.

23. H&H does not have standing to admit or deny this allegation.

24. Deny that Hunt & Henriques is a limited liability company. Object to the undefined and ambiguous terms "attorney staffed" and "professional debt collection firm," in particular as the FDCPA defines "debt" differently from the way that the RFDCPA and the dictionary define "debt." Admit that H&H collects overdue financial obligations in all counties in California including San Diego County. Admit that the stated address is correct.

25. H&H does not have standing to admit or deny this allegation.

26. H&H does not have standing to admit or deny this allegation.

27. H&H objects to any attempt that plaintiff may make to ignore the court's order to allege facts against specified defendants and not against defendants as a group. H&H objects to the allegation's characterization of H&H together with three other defendants as "professional consumer debt collection Defendants," as the phrase is undefined and ambiguous. H&H does not admit that the financial obligation that it seeks to collect from plaintiff on behalf of PRA is a "consumer debt."

28. Deny that plaintiff has done what he alleges here that he will do.

29. As to H&H, admit. H&H does not have standing to admit or deny this allegation as to other defendants.

30. As to H&H, deny—and H&H cautioned against this false and reckless

Hunt & Henriques's Answer to First Amended Complaint

allegation in its joinder to PRA's motion to dismiss the complaint, which motion was granted. By repeating this false allegation after fair warning, plaintiff has violated Rule 11 *and* 28 USC § 1928. H&H does not have standing to admit or deny this allegation as to other defendants.

31. Admit that H&H collects overdue financial obligations and that some of these obligations may be "debts" as defined by 15 USC § 1692a(6) As the vast majority of overdue financial obligations sought by H&H never become the subject of FDCPA claims, H&H has no way of knowing whether the "principal purpose" (as required to fall within § 1692a(6)) of its business is the collection of debts incurred "primarily for personal, family, or household purposes" (as required to fall within § 1692a(5)), and on that basis denies; the burden of proof on this issue is plaintiff's. Deny that H&H is a debt collector as defined by Civil Code § 1788.2(c) as H&H falls within an exception codified within that definition. H&H does not have standing to admit or deny this allegation as to other defendants.

32. Deny, except: Admit that H&H at times acted for PRA, but deny that H&H was under the direct supervision and control of PRA.

### V. Facts common to all counts

33. H&H does not have standing to admit or deny this allegation.

34. Deny, and affirmatively assert that H&H has never reported any credit account to any credit reporting agency. Deny that H&H sued plaintiff in California state court, and demand that plaintiff amend his complaint to state the case number of said lawsuit. Deny that H&H made any illegal debt collection efforts. Deny that H&H illegally obtained a bogus judgment, and demand that plaintiff amend his complaint to state the case number of said lawsuit, the date on which judgment was entered, and the amount of the judgment.

35. H&H does not have standing to admit or deny this allegation.

Hunt & Henriques's Answer to First Amended Complaint

36. H&H does not have standing to admit or deny this allegation.

37. H&H has insufficient information to admit or deny the first sentence of this paragraph, and on that basis denies. To the extent that by "Defendants" at doc_40 9:26 plaintiff intends to include H&H among the defendants subject to the sweeping allegations without specifying which defendant committed each act, H&H denies the allegation that plaintiff mailed a letter to H&H on September 08, 2018, as the account that H&H is attempting to collect was not placed by PRA with H&H until April 10, 2019; as such, H&H could not have communicated with plaintiff before April 10, 2019; as such, plaintiff would have had no reason to communicate with H&H on September 08, 2018.

38. Deny that H&H received plaintiff's September 08, 2018 communication for reasons stated in paragraph 37. Deny that H&H reported any account to any CRA as stated in paragraph 34.

39. H&H denies all communications that plaintiff alleges he made to H&H in late 2018 and early 2019, much less "on multiple occasions," for reasons stated in paragraph 37. Affirmatively assert that the first communication that H&H received from plaintiff was postmarked May 22, 2019. Deny that any communication was improperly handled or improperly responded to. Deny that plaintiff learned that H&H had reported any charged-off account to plaintiff's credit file, and deny that H&H made any such report. See paragraph 30 regarding the sanctionability of this refuted yet repeated allegation.

40. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

41. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

Hunt & Henriques's Answer to First Amended Complaint

42. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

43. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

44. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

45. Deny that H&H violated any statute, obligation, or duty of any kind. Deny that plaintiff suffered any harm as a result of any action taken or not taken by H&H.

## Count I – FCRA allegations

**The allegation against H&H violates FRCP 11 (*see* doc_13 2:25-3:8, 4:11)**

46. H&H incorporates the above paragraphs herein.

47. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

   a. Deny.

   b. Deny.

   c. Deny.

   d. Deny.

   e. Deny.

   f. Deny.

## Count II – CCRAA allegations

48. H&H incorporates the above paragraphs herein.

49. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

    a. Deny.

    b. Deny.

    c. Deny.

50. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

51. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

**Count III – FDCPA allegations**

52. H&H incorporates the above paragraphs herein.

53. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

    a. Deny.

    b. Deny.

    c. Deny.

    d. Deny.

    e. Deny.

54. Object to the invalid legal conclusion that plaintiff is a consumer within the meaning of the FDCPA as insufficiently pleaded according to the requirements set out in *Iqbal* and *Twombly*. As alleged against H&H, H&H denies the allegations of this paragraph for reasons stated in paragraph 31. H&H does not have standing to admit or deny this allegation as to other defendants.

Hunt & Henriques's Answer to First Amended Complaint

55. As alleged against H&H, H&H denies the allegations of this paragraph for reasons stated in paragraph 24. H&H does not have standing to admit or deny this allegation as to other defendants.

56. As alleged against H&H, H&H denies the allegations of this paragraph in their entirety. H&H does not have standing to admit or deny this allegation as to other defendants.

    a.  Deny.

    b.  Deny.

### Count IV – RFDCPA allegations

57. H&H incorporates the above paragraphs herein.

58. As alleged against H&H, H&H denies the allegations of this paragraph both factually and because under Civil Code § 1788.2(c), H&H is not a "debt collector" under state law. H&H does not have standing to admit or deny this allegation as to other defendants.

    a.  Deny.

    b.  Deny.

### Count V – Declaratory relief allegations

59. H&H incorporates the above paragraphs herein.

60. Paragraph 60 appears to be a prayer and not an allegation, and as such does not call for an admission or denial. Subparagraphs 1-4 likewise require no response. Subparagraph 5 is inappropriate in this action, as PRA and H&H have a constitutional right to sue plaintiff to collect the overdue financial obligation in state court and if PRA prevails in that action, the credit reports will be seen to be accurate and should not be ordered deleted in this action. Subparagraphs 6 and 7 require no response for the same reasons as stated for subparagraphs 1-4.

WHEREFOR, Hunt & Henriques prays for judgment on the complaint as follows:

    a)  That plaintiff take nothing on the complaint;

Hunt & Henriques's Answer to First Amended Complaint

b) For costs of suit herein including reasonable attorney fees as allowed by contract or statute; and

c) For such other and further relief as the Court may deem just and proper.

/s/ by Kurtiss A. Jacobs

Dated: <u>November 5, 2019</u>

_____

Kurtiss A. Jacobs, LL.M. / Donald Sherrill, Esq.
Attorneys for Hunt & Henriques

Hunt & Henriques's Answer to First Amended Complaint

**CERTIFICATE OF SERVICE**

Re:    Eric Caruso v. Hunt & Henriques, et al.
       Case Number: 19-cv-1224-CAB-LL
       United States District Court, Southern District of California

I, the undersigned, declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is
151 Bernal Road, Suite 8, San Jose, CA 95119. On the date below, I caused the
document(s) listed below to be served via USPS:

**Hunt & Henriques's Answer to First Amended Complaint**

on the interested parties in said case as follows:

**VIA USPS:**
Eric Caruso
1641 Borden Road, Apt. B7
Escondido, CA 92026-2134

*Plaintiff in Pro Se*


       I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed at San Jose, California on this 5th day of

November, 2019.


Dated: November 5, 2019

                                              Samantha Downey
                                              Hunt & Henriques

HUNT & HENRIQUES
151 BERNAL ROAD SUITE 8
SAN JOSÉ CALIFORNIA 95119
TELEPHONE: (800) 680-2426
FACSIMILE: (408) 362-2299